HENDRIX HASSENYER ET AL., ADMINISTRATORS v. THE MICHI-
GAN CENTRAL RAILROAD COMPANY.

*Railroad injuries—Child killed on railroad—Contributory negligence—Sex.*

The question of negligence, where there is any evidence fairly tending
to prove it, is for the jury.

Decedent was seen about to cross a railway track in a village, at a time
when a train was approaching from one direction, and one backing
towards her from the other direction.    She was soon after found.
dead outside the street limits on railroad grounds, having been run
over by the backing train.    *Held*, that her being found where she
was, outside the street limits, did not of itself make out against her
a case of contributory negligence.

In judging of negligence all the circumstances are to be taken into the
account, and among others the age and sex of the person injured, so-
far as these are important.

But it cannot be laid down as a rule of law that a less degree of care is.
required in a woman than in a man; and an instruction to that
effect is erroneous.    The rule of reasonable care and prudence knows.
nothing of sex.

Error to Kalamazoo.    Submitted Jan. 12.    Decided Apr. 25.

CASE.    Defendant brings error.    Reversed.

*Edwards & Stewart* and *G. V. N. Lothrop* for appellant.
A girl thirteen years old is *sui juris* and responsible for

failure to use ordinary care : Shearm. & Redf. on Negligence
§ 50; *McMahon v. Mayor* 33 N. Y. 645; *Ewen v. Chic. &
Northwestern Rw.* 38 Wis. 613; going upon a railroad
track upon which a train is backing is negligence: *Lake
Shore & Mich. South. Ry. v. Miller* 25 Mich. 274; *Mich.
Cent. R. R. v. Campau* 35 Mich. 468; *Det. & Milw. R. R.
v. Steinburg* 17 Mich. 99.

*O. W. Powers* for appellee. Where there is evidence of
things which might have thrown an injured person off his
guard the rule requiring due care will not be inflexibly
applied: *McGovern v. N. Y. C. & H. R. R. R.* 67 N. Y.
421; *Gahagan v. Bost. & Lowell R. R.* 1 Allen 187;
*Beatty v. Gilmore* 16 Penn. St. 463; *Penn. Canal Co. v. Bent-
ley* 66 Penn. St. 30; *Dub. Wick. & Wex. Rw. v. Slattery* 39
L. T. R. (N. S.) 265; *Mc Williams v. Det. Cent. Mills* 31
Mich. 274; age and sex may be considered in connection
with the question of contributory negligence: *Daniels v.
Clegg* 28 Mich. 40; *Chic. & N. W. Rw. v. Bayfield* 37
Mich. 212; *Swoboda v. Ward* 40 Mich. 425.

COOLEY, J. The plaintiff in error was sued by the admin-
istrators of Louisa Hasseneyer to recover damages for the
negligence of its agents and servants whereby her death
was caused. The case comes up on alleged errors in the
admission and rejection of evidence, and in instructions
given or refused.

The decedent was killed at the crossing of the railroad
with Burdick street, one of the principal streets in the vil-
lage of Kalamazoo, on the 20th day of December, 1878.
She was a girl 13 years of age, and was proceeding along
the street with a small pail of milk in her hands. The
morning was somewhat cold and stormy. As she approached
the railroad track a train was passing in one direction, and
its bell was being rung. From the other direction an engine
was backing up several cars, and its bell was also being rung.
It was by this train that the girl was struck and killed.
There was a flagman at the crossing, and no negligence
seems attributable to him. The brakeman on the backing

train was upon the ground, walking along by its side to guard against accidents, but did not notice the girl until she had been thrown to the ground and killed.   No one saw the girl when she was struck, and the place where she was lying when first seen was outside the limits of the street.

It was contended for the defence that there was no evidence of negligence on the part of the railroad agents and servants, and therefore nothing to go to the jury.   It was also insisted that a clear case of negligence on the part of the decedent appeared, and that upon this ground, if not upon the other, the court should have instructed the jury to return a verdict for the defendant.   We do not agree that the case was so plain on either ground as to justify the court in taking it from the jury.   It may be that if we were at liberty to pass upon the facts we should reach the conclusion which the defence insist upon as the only conclusion that is admissible; but we cannot say that the case is too plain upon the facts for fair minds to differ upon, and following our former decisions we agree with the trial court that the facts were properly left to the jury.   *Detroit etc. R. R. Co. v. Van Steinburg* 17 Mich. 99; *Lake Shore etc. R. R. Co. v. Miller* 25 Mich. 274, 295; *Le Baron v. Joslin* 41 Mich. 313.

Upon a supposition that the jury might find that the decedent at the time she was struck and killed was outside the limits of the highway and upon lands belonging to the railroad company, the defence requested rulings in effect that if such was the fact the decedant was in law chargeable with negligence.   We do not agree that this was necessarily the case.   The fact might have an important bearing, or it might not; depending on how far she was outside the street lines, and why she was there, and whether she was aware of the fact.   As the street was without fences or cattle-guards at this point, it would be unreasonable to hold that at her peril she must keep herself strictly within its lines, and if no intent to leave the highway was apparent, and she was not further outside that one might inadvertently go in passing along the street and looking both ways for coming and

passing trains, the fact should neither absolve the employes of the railroad company from the observation of care to prevent injury, nor charge her with fault if otherwise sufficiently vigilant.

Counsel for the plaintiff in error has been industrious in the discovery of faults in the rulings of the circuit judge, but for the most part his criticisms are too particular and technical to be accepted, or to require discussion at our hands. With a single exception we think no error was committed to the prejudice of the party now complaining. The exception is found in the instructions to the jury respecting the degree of care required of the decedent to avoid the danger to which she fell a victim. It was contended for the plaintiff below that the law did not require the same degree of care of a child as of an adult person, and the court so instructed the jury. This was unquestionably correct. *Railway Co. v. Bohn* 27 Mich. 503. But it was also insisted that the law did not expect or require the same degree of care and prudence in a woman as in a man; and the court gave this instruction also. It is presumable, therefore, that the jury in considering whether the decedent was chargeable with contributory negligence, made not only all proper allowances on account of her immature years, but further allowance also on account of sex.

No doubt the difference in sex has much to do with the application of legal principles in many cases. Police regulations with the utmost propriety sometimes make distinctions between men and women, in the conduct required of them under the same circumstances, and the unwritten law is in some particulars more indulgent to the one sex than the other. Words and conduct which in the presence of men might be condemned for bad taste only, in the presence of women may be punishable as criminal indecency, and a crime of violence committed upon the one would be condemned less severely by public opinion and punished less severely by the law than the same crime committed upon the other. And no doubt also the law ought, under all circumstances where they become important, to make

allowances for any differences existing by nature between men and women, and also for any that grow out of their different occupations, modes of life, education and experience. A woman, for example, driving a horse on a highway may be presumed somewhat wanting in the "amount of knowledge, skill, dexterity, steadiness of nerve or coolness of judgment—in short, the same degree of competency" which we may presume in a man; and the person meeting her under circumstances threatening collision should govern his own conduct with some regard to her probable deficiencies. *Daniels v. Clegg* 28 Mich. 33, 42. In *Snow v. Provincetown* 120 Mass. 580, a question of contributory negligence was made against a young woman who, in attempting to pass a cart in a public way, which had commenced backing towards her, accidentally fell over an embankment and was injured. The following instruction by the trial judge to indicate the degree of care required of the plaintiff, was held unexceptionable: "Care implies attention and caution, and ordinary care is such a degree of attention and caution as a person of ordinary prudence of the plaintiff's sex and age would commonly and might reasonably be expected to exercise under like circumstances." This no doubt is true.

But while the authorities permit all the circumstances to be taken into the account, age and sex among the rest, in determining the degree of care to be reasonably required or looked for, no case, so far as we know, has ever laid it down as a rule of law that less care is required of a woman than of a man. Sex is certainly no excuse for negligence; *Fox v. Glastenbury* 29 Conn. 204: and if we judge of ordinary care by the standard of what is commonly looked for and expected, we should probably agree that a woman would be likely to be more prudent, careful and particular in many positions and in the performance of many duties than a man would. She would, for example, be more vigilant and indefatigable in her care of a helpless child; she would be more cautious to avoid unknown dangers; she would be more particular to keep within the limits of absolute safety when

the dangers which threatened were such as only great strength and courage could venture to encounter. Of a given number of persons traveling by cars, several men will expose themselves to danger by jumping from the cars when they are in motion, or by standing upon the platform, where one woman would do the same; and a man driving a team would be more likely to cross in front of an advancing train than a woman would. In many such cases a woman's natural timidity and inexperience with dangers inclines her to be more cautious; and if we naturally and reasonably look for greater caution in the woman than in the man, any rule of law that demands less must be unphilosophical and unreasonable.

Suppose, for instance, that a man and woman standing together upon the platform of a moving car are accidentally thrown off and injured, could any rule of law be justified which would permit a jury to award damages to her but not to him, upon the ground that the law expected and required of him the higher degree of care? Or may the woman venture upon an unsafe bridge from which the man recoils, under the protection of such a discrimination? Or trust herself to a fractious horse expecting, if she shall chance to be injured, the tenderness of the law will excuse her with a verdict of such care as was reasonably to be expected, when it would pronounce a man foolhardy? We think not.

No person of any age or sex is chargeable with legal fault who, when placed in a position of peril, does the best that can be done under the circumstances. *Voak v. Northern Central Ry. Co.* 75 N. Y. 320. Even this statement indicates a more rigid rule than the law will justify, for the legal requirement is only the observance of ordinary care; and while in laying down rules that are of general application, it is no doubt better to employ general terms, lest they be supposed applicable to particular classes only; (*Tucker v. Henniker* 41 N. H. 317) yet when the actor is a woman, an instruction that she is bound to observe the conduct of a woman of common and ordinary prudence, cannot be held legally erroneous because of being thus special. *Bloomington v. Perdue* 99 Ill. 329.

Women may enter upon and follow any of the occupations of life; they may be surgeons if they will, but they cannot as such claim any privilege of exemption from the care and caution required of men.  A woman may be engineer of a locomotive if she can obtain the employment, but the law will expect and require of her the same diligence to avoid mischief to others which men must observe.  The rule of prudent regard for the rights of others knows nothing of sex.  Neither can sex excuse any one for the want of ordinary care when exposing one's self to known and obvious perils.

If it was apparent that the error of the judge did not mislead in this case, we might affirm the judgment.  But that fact is not apparent.  No one witnessed this accident; the question of due care is involved in doubts, and the erroneous ruling may have been controlling.  It follows that there must be a new trial.

The other Justices concurred.