McGuire v. Chicago, M. & St. P. Ry. Co.

(*Circuit Court, D. Minnesota.* January 2, 1889.)

RAILROAD COMPANIES—INJURY TO PERSONS ON TRACK—CONTRIBUTORY NEGLI-
GENCE—CHILDREN.

Plaintiff, a boy 10 years old, bright and intelligent for his age, crossed a railroad track as soon as a train had passed, and stepped onto another track, where he was struck by a train coming from an opposite direction, at an unlawful rate of speed, and without giving any warning. *Held,* that the court would not rule that plaintiff was negligent as a matter of law, and that the question was properly submitted to the jury under instructions that only such vigilance was required of plaintiff as could reasonably be expected of a child of his age and capacity.[1]

At Law. On defendant's motion for new trial.

This suit was brought to recover damages for a personal injury to plaintiff, John McGuire, a boy nearly 10 years old, resulting from the negligence of the defendant; and the jury rendered a verdict for the plaintiff. Plaintiff was about to cross the defendant's railway tracks near the corner of Eleventh avenue and Fourth street in the city of Minneapolis, in this district, and on reaching the tracks on Eleventh avenue he stopped for a passenger train to go by, and as the train passed he stepped before the last car on and over that track onto another, upon which a freight train was coming in an opposite direction, and was immediately confronted and struck by the engine. Subsequently, in his endeavors to escape, he was thrown from a pile of boards under the wheels of the passenger train. The evidence tended to show that the freight train was moving at a rate of speed prohibited by law, and that no warning by ringing a bell or otherwise was given. The defense of contributory negligence was interposed by defendant. The court decided that the plaintiff, as the evidence showed, was active, bright, and intelligent, and had the faculties requisite for the perception of danger.

*Flandrau, Squires & Cutcheon,* for the motion.

*Forrest & Van Cleve,* contra.

NELSON, J., (*after stating the facts substantially as above.*) A correct decision of this motion depends upon whether or not the boy was negligent as a matter of law in going upon the tracks and attempting to cross as he did. If an adult had been injured under the same circumstances, instead of a child about 10 years of age, I should have little hesitation in granting the motion. I feel satisfied, however, that this case was a proper one for the jury upon the question of contributory negligence, and I do not think that the court erred in refusing to instruct them that the act of the boy in attempting to cross the tracks was negligence as a matter of law. The caution required of the boy was according to his

---

[1] In regard to contributory negligence, attributed to children, in actions for negligent injuries, see Twist v. Railroad Co., (Minn.) 39 N. W. Rep. 402, and note; Railroad Co. v. Young, (Ga.) 7 S. E. Rep. 912; Railway Co. v. Whipple, (Kan.) 18 Pac. Rep. 730, and note.

age and capacity, to be determined by the facts and circumstances developed on the trial. While I held that the boy was capable of exercising some degree of care, still he was not subjected to the same rules of conduct as an adult. I instructed the jury that it was incumbent upon the boy to exercise vigilance for his safety, yet only such care was required of him as could reasonably be expected of a child of his age and capacity. I put it to the jury to determine whether he did exercise such care, and the verdict did not sustain the defense of contributory negligence. It is a close case, and not free from doubt. If I am wrong, the remedy of the defendant is clear. Motion for new trial denied.