ISRAEL H. WRIGHT, ADMINISTRATOR, v. THE DETROIT, GRAND HAVEN & MILWAUKEE RAILWAY COMPANY.

*Contributory negligence—Rule as to infants—Charge to jury.*

In determining the question of contributory negligence the same degree of caution is not required of an infant as of an adult; and, when such negligence is sought to be charged against a lad of less than 15 years of age, this rule clearly applies, and the charge of the court is erroneously defective which fails to state said rule, and challenge the attention of the jury to it, in applying the law to the facts and circumstances disclosed by the evidence in the case.

Error to Shiawassee. (Newton, J.) Argued June 11, 1889. Decided October 25, 1889.

Negligence case. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*S. S. Miner (Howard & Gold,* of counsel), for appellant.

*L. C. Stanley* and *George Jerome,* for defendant.

[The points of counsel are stated in the opinion.— REPORTER.]

SHERWOOD, C. J. This action is brought by plaintiff for personal injury resulting in the death of plaintiff's infant intestate.

From the record it appears that plaintiff's intestate, an infant under the age of 15 years, while riding in a sleigh driven by a boy of the same · age, on the highway, was struck by defendant's passing train, and killed, on a crossing. The testimony on the part of the plaintiff tended to show that no warning was given of the approach of the train, and that the view of the train was obstructed. Contributory negligence was urged by defendant on the part of plaintiff's intestate. The cause was tried before a jury in the Shiawassee circuit, and verdict and judgment were given for defendant. The plaintiff now asks for a review of the case.

The conflict in the testimony upon the subjects of obstructed view of the train, and want of proper signals, were settled against the plaintiff by the verdict. There remains, however, one question, made upon the charge, to be passed upon. It is in the record, and is presented sharply in the plaintiff's brief.

Plaintiff's counsel claim, and the charge shows, that the circuit judge held the boy who was killed to the same degree of diligence in his efforts to avoid the accident which overtook him as would be required of an adult with greater experience and more matured judgment. In no part of the charge is it intimated that any considerations which would be proper in the one case might not be in the other; and in this, it is insisted by counsel for plaintiff, there is error which was fatal to the defendant's case. It is the claim of plaintiff's counsel that the diligence to be used and required to enable a plaintiff to recover is such diligence as he is able to understand and have the capacity to use; and that it is

neither the rule of law nor of good common sense to hold that a boy at 14 years of age has as much ability and capacity to comprehend and avoid the perils and dangers at a railroad crossing as at the age of 45 years; and that a failure to exercise care and caution at the age of 45 years might constitute gross negligence, which at the age of 14 years could not be regarded as negligence in any degree. And plaintiff further contends that when it is sought to hold a minor of not over 14 years of age guilty of contributory negligence, and thereby deprive him of his right to recover for personal injury received from the wrongful act of another, such negligence should be shown to contain all the elements necessary to place him in the wrong; and in such a case it is the duty of the court, in submitting the facts to the jury, to especially call their attention to the circumstance of his youth, and the rules which should govern them in passing upon the age and inexperience, and what allowance should be made in consequence thereof; and that in such case it is the clear duty of the court to do this, whether the party has the aid of counsel or not,—that it is a part of his statutory duty,—and not wait to have his attention directed to it by request of party or his counsel, and the omission so to do is error.

I have no doubt of the right of the plaintiff to have the instructions given to the jury he contends for in his position, and the duty of the court in that regard as his counsel claim it to be. And I think, both upon reason and the authority of this Court, the rule contended for by Judge Gold in his argument before us in this case is the correct one, and I believe it is safe to say that it is generally supported by the best-considered cases in this country upon the subject. The rule is this:

"That the care and discretion to be used by children, and for which they must be held chargeable, must be

proportioned to their age and capacity; and, while it must be ordinary care, it is not the ordinary care required of an adult under the same circumstances."

Mr. Justice COOLEY, in speaking upon the subject of contributory negligence of a minor, says:

"Duty can only be predicated of one who has capacity to understand, and ability to perform, it."

In the case referred to, the injured boy was riding upon the platform of a street-car. He was but 4 years old, and was in charge of a brother, 13 years of age; and, in speaking of the alleged negligence of the brother, the learned Judge further said:

"In judging of the measure of responsibility to which the older boy should be held, something more must be considered than merely his age. Some dangers the youngest persons shrink from instinctively, while an appreciation of others only comes from extended observation and experience. A child of four will shudder at the proximity of a precipice; when one of thirteen, to whose knowledge an injury from careless riding upon a street-car has never come, will not anticipate danger from anything apparently so safe. It is within the observation of all travelers, and all persons having the management of railway trains, that boys of from eight to fourteen years of age are much more ready to place themselves in exposed positions upon cars, and to jump off and on recklessly, than are persons of mature years. It is not necessarily to be assumed that they purpose subjecting themselves to danger, but they lack the experience and observation which teach the danger, and without which a man in the full maturity of his intellect might be guilty of a recklessness equal to theirs.   *   *   It would be unreasonable and cruel in the extreme to hold such a child responsible for a prudence and foresight beyond his years, and for a perception and comprehension of dangers which are only learned by experience, or by observation and reflection." *East Saginaw City Ry. Co. v. Bohn,* 27 Mich. 503; *Daniels v. Clegg,* 28 Id. 32; *Swoboda v. Ward,* 40 Id. 420; *Hassenyer v. Railroad Co.,* 48 Id. 205 (12 N. W. Rep. 155). See, also, *Snow v. Provincetown,* 120 Mass. 580; *Kay v. Railroad Co.,* 65 Penn. St. 269; *Plumley v. Birge,*

124 Mass. 57; *Lynch v. Smith*, 104 Id. 52; *Thurber v. Railroad Co.*, 60 N. Y. 326; *Byrne v. Railroad Co.*, 83 Id. 620; *Railroad Co. v. Murray*, 71 Ill. 601; *Hund v. Geier*, 72 Id. 393; *Railroad Co. v. Delaney*, 82 Id. 198; *McGovern v. Railroad Co.*, 67 N. Y. 417; *Ewen v. Railway Co.*, 38 Wis. 613; *Railroad Co. v. Gladmon*, 15 Wall. 401; *Birge v. Gardner*, 50 Amer. Dec. 261; *Kerr v. Forgue*, 5 Amer. Rep. 146; *Railroad Co. v. Stout*, 17 Wall. 657. See, also, *Freer v. Cameron*, 55 Amer. Dec. 677, and cases cited in the note.

As is said by Mr. Justice COOLEY in *Hassenyer v. Railroad Co., supra*, I think the law may be regarded as well settled in this State that, in determining the question of contributory negligence, not the same degree of caution is required of an infant, as in the case of an adult, and, when such negligence is sought to be charged against a lad of less than 15 years of age, the rule clearly applies; and the charge of the court is erroneously defective which fails to state the rule, and challenge the attention of the jury to it, in applying the law to the facts and cir_cumstances such as are disclosed by the evidence in this case.

The circuit judge, in his charge, failed to do this, and it was error, for which I think the judgment should be reversed, and a new trial granted.

CHAMPLIN and LONG, JJ., concurred with SHERWOOD, C. J.

CAMPBELL, J., *(dissenting)*. I do not agree that the charge of the circuit judge was open to the criticism expressed upon it by my brethren. It is not claimed he did not lay down the law correctly. It is claimed that he did not call the attention of the jury to the age of deceased as one of the elements in computing care or negligence. There are, no doubt, cases where peculiar knowledge is an element to be considered aside from ordinary sense and ordinary experience, and where the lack

of such knowledge is more likely to exist in minors or youths than in persons of experience. But the particular risk in this case was one which would be as palpable to a boy of 15 as to a man. A much younger boy would comprehend the danger of slowly crossing a railroad when a train is approaching, or likely to approach. And as the jury, who are to judge of negligence by their own good sense, knew the age of the boy, as well as all the surroundings, I do not think, in the absence of any request on the subject, that the court could be held in error for not refining on the subject further. The plaintiff was not a child or a minor, but a person suing, as all ordinary litigants sue, by an attorney of his choice, presumed to look after his interests. There was no more reason in this than there would be in any other case for the court to suppose a plain question of human experience would not be dealt with by the jury in accordance with it, or to assume that plaintiff's counsel could not look after his affairs. No complaint or exception was taken at the time, and no indication given that further instructions were desired. I do not think that the statute which allows exceptions to the charge to be made after verdict should be so liberally construed as to make a perfectly correct charge erroneous because not further qualified on a matter which the jury must necessarily take into the account if proper to do so. I think there is no error in the record.

MORSE, J., did not sit.