### DUBIVER *v.* CITY RAILWAY CO.

[74 Pac. 915, 75 Pac. 693.]

STREET RAILROADS—OBJECTION TO INSTRUCTIONS.

1. In an action against a street railroad company for damages suffered by a minor who was injured in a collision between a wagon driven by him and a street car, after the instructions as to the defendant's negligence have been accepted without objection, defendant cannot by objecting to the instructions on contributory negligence raise the point that it did not know that the driver was a minor, and that the liability ought not to depend upon the question of the driver's age.

APPLICATION OF DOCTRINE OF ASSUMED RISK.

2. The doctrine of assumption of risk of employment applies only between master and servant.

CARE REQUIRED OF MINOR—CONTRIBUTORY NEGLIGENCE.

3. In a case of injury to a minor. where the defense is contributory negligence, and the evidence is conflicting as to the facts, it cannot be said as a matter of law that the minor must be charged with that judgment and prudence usually characteristic of adults.

INSTRUCTION AS TO CONTRIBUTORY NEGLIGENCE OF MINOR.

4. In an action to recover damages for injuries to a minor suffered in a collision with a street car, the evidence being conflicting as to the responsibility, the question of the minor's contributory negligence should be submitted to the jury under

instructions limiting the degree of care required of him to such care as a minor of his age, capacity, and understanding would usually exercise under the same circumstances.

.Burden of Proof as to Contributory Negligence.
5. Contributory negligence is a matter of defense, and the burden of proving it is on defendant.

Care Required of a Minor to Avoid Danger.
6. Children of immature years and judgment should not be held to the same degree of prudence and foresight in avoiding danger as adults, but are chargeable with only the care and knowledge usual in persons of that age.

Presumption as to Care by Minors—Injuries.
7. It must be presumed, until otherwise shown, that an injured minor exercised the care and caution to be expected from one of such years, but not the prudence and judgment characteristic of an adult, even though the minor is more than a mere child, and, as it is sometimes termed, *sui juris.*

From Multnomah : Melvin C. George, Judge.

This is an action by William Dubiver, through his guardian *ad litem*, against the City & Suburban Railway Company, to recover damages for an injury to the plaintiff said to have been caused by the carelessness of defendant's servants. The defendant operates an electric street railway, with double tracks, upon First Street, in the City of Portland. David Dubiver, the father and guardian *ad litem* of William Dubiver, a minor, was on November 21, 1902, occupying a store on the southeast corner of First and Jefferson streets, and William was engaged in delivering goods for him about the city with a light, one-horse, gooseneck express wagon, and had been so employed for more than a year. At the date indicated, about 5.30 o'clock in the evening, William drove south on Second Street to Jefferson ; thence east upon the latter, near the center thereof, to First Street, continuing across the first and second tracks of the defendant's railway until the hind wheels of his wagon reached the east rail of the second or east track, when it was struck by a moving car of the defendant company going north, and William was thrown from the seat of the wagon, which he was then occupying, and injured ; and this action was instituted to recover damages arising on account of such injuries. William was

at the time fifteen years of age. Referring to the bill of exceptions, plaintiff's testimony tended to show that when William arrived at the west crossing on First Street, he stopped his horse, and looked both ways for any approaching car, and, seeing none, drove forward in a slow walk toward the east; that when the wagon had passed over both tracks, except the hind wheels, which had just reached the east rail of the east track, the defendant's car running north at a high rate of speed came in contact with it; and, further, that William took the care and precaution ordinarily used in driving a wagon across the track of an electric railway, and exercised all the usual and ordinary diligence required to cross such a track in safety; that the motorman had no headlight on his car, although it was dusk, and that he failed to ring any gong or to give other warning, or to slow up his car, as it approached the crossing. The defendant's evidence tended to show that, as the car came down First Street, it was moving at a high rate of speed; that the motorman in charge saw the express wagon as it was about to cross the tracks at Jefferson Street, but at such a distance away that, at the rate it was moving, it would have ample time to clear the tracks before the car reached that street, but at once put the car under control; that after the horse and all the wagon had crossed the tracks, except the hind wheels, which were just at the east rail of the eastern track, and when far enough in front of the car for the wheels to have passed over, and entirely out of reach thereof, the driver suddenly stopped and turned the horse to the right, and that before the car could possibly be checked it came in contact with the wheels of the wagon so situated, and pushed them off the track; and that at the time of the collision the driver had turned the horse and fore wheels of the wagon to the south, so that they stood parallel with the track. It does not appear that the motorman took note of the driver of the

wagon prior to the accident—whether he appeared to be a man grown or a youth—and the record is silent upon the subject from his standpoint. The plaintiff having recovered judgment, the defendant appeals.      Affirmed.

For appellant there was a brief over the name of *Dolph, Mallory, Simon & Gearin*, with an oral argument by *Mr. Rufus Mallory*.

For respondent there was a brief over the name of *Bernstein & Cohen*, with an oral argument by *Mr. Alexander Bernstein*.

Mr. Justice Wolverton, after stating the facts as above, delivered the opinion of the court.

The trial court, after instructing the jury as to the law relative to contributory negligence, proceeded to say : "But in the case of children the court cannot say this as a matter of law. In such cases it is more or less a mixed question of law and fact"—and further instructed as follows :

"The evidence shows that plaintiff's minor was at the time a minor somewhere about fifteen years of age. This fact, however, does not excuse him from the obligation to exercise care according to his knowledge and capacity to understand danger, as boys of that age ordinarily are, and to use ordinary care to avoid it ; and if you find from the evidence in this case that plaintiff's minor had sufficient capacity to understand the danger of crossing a railroad track in such a situation, it was his duty to use ordinary care in crossing the track, so as to avoid getting in the way of moving cars ; and if he failed to use such care, and because of such failure was injured, he was guilty of contributory negligence, and cannot recover in this action. A child would not be expected to use the same degree of care and prudence that a person of older years and larger discretion would use ; but you are to take into consideration the age of the plaintiff's minor, and his character, and all the circumstances and facts—all the evidence throwing light upon the manner in which any injury may have occurred—and then determine whether he used the care

which an ordinarily prudent boy of his age, under those circumstances, should have used. If he did use such care, he was not guilty of contributory negligence. If he failed to use such care, then he was guilty of contributory negligence, and the plaintiff cannot recover."

To these instructions exceptions were taken and reserved, and the sole assignment of error contained in the record is relative thereto. Counsel for appellant insist that the instructions are erroneous (1) because the defendant had no knowledge or notice that the person in charge of the horse and wagon was a minor; that the occupation in which he was engaged was one for an adult, and not for an infant, and the defendant's liability could not in any way be made to depend upon the driver's capacity from considerations of his age; and (2) because the undisputed evidence conclusively shows that the person injured, although a minor, thoroughly understood the situation, the condition of the business in which he was engaged, the risks and hazards attending it, and especially of crossing the tracks of a street railway upon which were cars propelled by electricity, and therefore assumed all the hazards of the position, from which it follows that his infancy was wholly immaterial, and unavailable to limit his liability, or to enlarge that of the defendant.

1. The first reason advanced as a basis of counsel's position is manifestly without relevancy, under the conditions in which the case comes here. All the instructions pertaining to the negligence of the defendant are admittedly unexceptionable, and no objections were made or exceptions saved thereto in any form, so that the case had passed from the point where plaintiff had the laboring oar. The instructions complained of relate solely to the defense of contributory negligence—a matter devolving upon the defendant to establish—which is entirely distinct, and altogether another phase of the trial procedure. The plain-

tiff's case had become a closed book, the record unexceptionable. Not so upon the other hand. The defendant was not satisfied with the manner in which its separate and special defense was submitted to the jury, hence its exceptions, and these exceptions raise the sole and only question with which we can deal. In other words, the record shows that plaintiff's case was properly submitted, while the manner in which the defendant's case was submitted is alone questioned, so that the first reason advanced as a basis of counsel's position is without potency now.

2. The second reason is forceful and cogent, and the problem presented is not a little difficult of solution. The doctrine of the assumption of risks and hazards incident to the occupation in which a person has engaged does not apply otherwise than as between master and servant, but no such relation existed between the defendant and the plaintiff's minor herein.

3. Counsel urge, however, that as the plaintiff's minor presented the same proofs of the exercise of care in crossing defendant's tracks as if he had been of full age, and took the same precautions that an adult would have done, using ordinary care and prudence (that is, by looking both ways as he approached the defendant's tracks, to ascertain if any cars were in sight, and then proceeding across them), and that, as he understood and appreciated the situation and the business in which he was engaged, and all the risks and hazards pertaining to it, and especially of crossing the tracks of a street railway, therefore the same rule would apply to him as to an adult, and the fact of his infancy was wholly immaterial, and could be of no avail to limit his responsibility. This, it seems to us, does not include the whole case. The very point of dispute centers about the boy driving off the tracks after he had entered upon them. His testimony tended to show that he was proceeding straight ahead in a walk, and at the rate

in which he had crossed all the tracks but one, while the defendant's evidence was to the effect that he stopped, or nearly so, with the hind wheels of his wagon upon the east or last track before he had cleared it enough to let the car pass, which action on his part, defendant claims, was the proximate cause of the collision resulting in the injury. Here is involved a question of fact as to what he really did, and it may then be inquired, did he in this particular respect exercise the care and caution that an adult would have used?  If he did, and was hurt, the defendant, if negligent, was clearly liable.  But it is denied that he did, and asserted that he should have so acted, and this constitutes the very ground for the alleged contributory negligence which would exonerate the defendant.  Because the minor exercised the care of an adult in looking before he started to cross the tracks, it does not follow that he exercised or ought to have exercised the care of an adult in crossing and clearing the tracks of the defendant.  As to his understanding and appreciating all the risks and hazards of the business in which he was engaged, that is a fact in a measure assumed, when compared with the understanding and appreciation of an adult under like circumstances and conditions.

The real question involved is whether the court should say, as a matter of law, under the testimony, that the minor was, to all intents and purposes, an adult, and should have been held to like care, foresight, and responsibility. There are cases, properly decided, too, where the courts have said, as a matter of law, that the minor, considered as yet immature, was guilty of such contributory carelessness and negligence that he ought not to recover.  Such is the case of *Dietrich* v. *Baltimore & H. S. Ry. Co.* 58 Md. 347, where a minor attempted to board a moving street car by the front platform having one of the steps broken off, when there was a safe way of entry by the rear platform,

affording ready and easy access. In this case Mr. Justice Alvey, in his opinion, says: "Now, conceding that there was negligence on the part of the defendant in running the car with a broken or an insufficient step to the front platform, and that there was fault in the driver in not stopping the car upon the approach of the plaintiff, the question is, did the plaintiff so directly contribute to the happening of the accident by his own want of ordinary and reasonable care as to preclude the right of recovery for the injury suffered ? This is not a question that arises upon conflicting evidence, or where inferences might be drawn from the proof of indirect circumstances, in which cases the question would be exclusively for the jury. * * His want of caution, and his reckless disregard of the danger in attempting to board the car while in motion, would clearly appear to have been the direct cause of the accident. He was old enough to know and understand the risk that he incurred, and, if he had used his eyes, he could not have failed to perceive that the step had been broken from the platform. Under such circumstances, neither he nor his father can have any right of action against the defendant." Another case grounded upon the same principle is *Thompson* v. *Buffalo Ry. Co.* 145 N. Y. 196 (39 N. E. 709). The plaintiff's minor was a girl of fourteen years, and the court, in rendering its opinion, says: "Although a minor, no claim is made that Alcy was not *sui juris*. While she may not have possessed the judgment, caution, and prudence of persons of more mature years, she was expected and required to exercise the measure of care and caution that is common and usual in one of her age." But the case was taken from the jury on a motion for nonsuit. Another case that has come under our observation is *Nagle* v. *Allegheny Valley R. Co.* 88 Pa. 35 (32 Am. Rep. 413). Here the case was taken from the jury by invoking the presumption that a child of fourteen years had suffi-

cient capacity to be sensible of danger and to have the power to avoid it, which presumption, it was said, would stand until overthrown by clear proof of the absence of such discretion as is usual with infants of that age. This case, although the opinion was rendered by Mr. Justice PAXSON, a jurist of eminence and ability, does not seem to have been followed subsequently in the same State or elsewhere, so far as our research has extended. The doctrine of the two cases preceding the last cited was invoked in *Cooper* v. *Lake Shore & M. S. Ry. Co.* 66 Mich. 261 (33 N. W. 306, 11 Am. St. Rep. 482), but the court refused to apply it; saying, in effect, that many cases are cited in which children have been held accountable for contributory negligence, but that the case under consideration was not one of them, the evidence being conflicting upon the very point in dispute.

But a case of distinct analogy to the one at bar is *Wright* v. *Detroit, G. H. & M. Ry. Co.* 77 Mich. 123 (43 N. W. 765). There the plaintiff's intestate, a boy under fifteen years, while riding on a sleigh driven by another boy of the same age, was struck by defendant's train and killed. There was a conflict in the testimony relative to the defendant's negligence, and that part of the case was, as here, properly submitted to the jury. The trial court, as was shown by its charge, held the boy who was killed to the same degree of diligence in his efforts to avoid the accident which overtook him as would be required of an adult, and the exception in the supreme court was directed to this holding; but, in deciding the case, the supreme court, speaking through Mr. Chief Justice SHERWOOD, says: "The rule is this: 'That the care and discretion to be used by children, and for which they must be held chargeable, must be proportioned to their age and capacity; and, while it must be ordinary care, it is not the ordinary care required of an adult under the same circumstances.'" And after alluding

to some of the authorities, the learned chief justice continues: "I think the law may be regarded as well settled in this State that, in determining the question of contributory negligence, not the same degree of caution is required of an infant as in the case of an adult, and, when such negligence is sought to be charged against a lad cf less than fifteen years of age, the rule clearly applies; and the charge of the court is erroneously defective which fails to state the rule, and challenge the attention of the jury to it, in applying the law to the facts and circumstances such as are disclosed by the evidence in this case." There was a dissenting opinion by Mr. Justice CAMPBELL, in which he says: "There are, no doubt, cases where. peculiar knowledge is an element to be considered, aside from ordinary sense and ordinary experience, and where the lack of such knowledge is more likely to exist in minors or youths than in persons of experience, but the particular risk in this case was one which would be as palpable to a boy of fifteen as to a man. A much younger boy would comprehend the danger of slowly crossing a railroad when a train is approaching or likely to approach." This, however, concedes the rule as announced in the main opinion, but denies its application in that case.

Mr. Justice HUNT, in *Railroad Co.* v. *Gladmon*, 82 U. S. (15 Wall.) 401, 408, says: "Of an infant of tender years less discretion is required, and the degree depends upon his age and knowledge. Of a child of three years of age less caution would be required than of one of seven, and of a child of seven less than of one of twelve or fifteen. The caution required is according to the maturity and capacity of the child, and this is to be determined in each case by the circumstances of that case." The rule was subsequently applied by the same eminent jurist in the turntable case of *Railroad Co.* v. *Stout*, 84 U. S. (17 Wall.) 657. This court has spoken to the same effect in *Cassida* v.

*Oregon Ry. & Nav. Co.* 14 Or. 551 (13 Pac. 438), and *Schleiger*
v. *Northern Term. Co.* 43 Or. 4, 14 (72 Pac. 324). So in
*Haycroft* v. *Lake Shore & M. S. R. Co.* 2 Hun, 489, where
the party injured was a girl of sixteen years, the court
said with reference to the controversy: "Now, if there is
any allowance to be made in measuring the degree of care
which this young girl was bound to use, for her youth, her
inexperience, for the tendency of persons of her age to
allow their attention to be given to objects of interest in
their immediate view, and to overlook dangers from causes
not immediately in view, then it was for the jury to say
whether this young girl did not, under all the circum-
stances, use all the care and diligence to guard against
danger that could be reasonably required from one of her
age." The trial court took the case from the jury, but it
was reversed upon that account, the fourth department of
the general term of the supreme court, in passing upon
the case, using the language above quoted. This case was
affirmed on appeal to the court of appeals: *Haycroft* v.
*Lake Shore & M. S. R. Co.* 64 N. Y. 636. So, also, in the
case of *Daniels* v. *Clegg*, 28 Mich. 32, which was that the
trial court was correct in charging that "the jury should
consider the age of the daughter [she being the person
injured and about the age of twenty years], and the fact
that she was a woman," and "that she would not be guilty
of negligence if she used that degree of care that a person
of her age and sex would ordinarily use." The principle
is of unquestioned soundness, and has been applied in
many cases: See *Cooper* v. *Lake Shore & M. S. R. Co.* 66
Mich. 261 (11 Am. St. Rep. 482, 33 N. W. 306); *East Sag-
inaw City Ry. Co.* v. *Bohn*, 27 Mich. 503; *Quill* v. *Southern
Pac. Co.* 140 Cal. 268 (73 Pac. 991); *Hassenyer* v. *Michigan
Cent. R. Co.* 48 Mich. 205 (12 N. W. 155, 42 Am. Rep. 470);
*Plumley* v. *Birge*, 124 Mass. 57 (26 Am. Rep. 645); *Consoli-
dated Trac. Co.* v. *Scott*, 58 N. J. Law, 682 (34 Atl. 1094, 33

L. R. A. 122, 55 Am. St. Rep. 620); *Kerr* v. *Forgue*, 54 Ill.
482 (5 Am. Rep. 140); *Bridger* v. *Railroad Co.* 25 S. C. 24;
*Kline* v. *Central Pac. R. Co.* 37 Cal. 400 (99 Am. Dec. 282);
*McGuire* v. *Chicago M. & St. P. Ry. Co.* (C. C.) 37 Fed. 54.

4. In the case at bar the instruction incorporating the
principle was proper, unless the minor had arrived at
man's estate in judgment, prudence, and forethought; and,
in order to declare that it was improper, we should be able
to say, as a matter of law, that such was the case. This
we are impressed we cannot do. Just at what period in
a child's advancement in years he is to be considered to
have arrived at maturity, and to have assumed all the
responsibilities of a man, as distinguished from a child, is
an indeterminate quantity. But if, as in the case of *Wright*
v. *Detroit, G. H. & M. Ry. Co.* 77 Mich. 123 (43 N. W. 765),
the instruction was proper where the child was just under
fifteen, and in *Haycroft* v. *Lake Shore & M. S. R. Co.* 2 Hun,
489, where the girl was sixteen, and in *Daniels* v. *Clegg*, 28
Mich. 32, where she was twenty, there can be no reason for
believing that it was improper in this case. It could not
be so, as the comparative ages will not warrant it. Whether
a boy of the capacity of the plaintiff's minor was able to
apprehend the danger involved, and had sufficient sagacity
to avoid it successfully, and yet, notwithstanding his mi-
nority, he was negligent, is a question that would properly
arise upon a motion for nonsuit; but it could not be in-
sisted on in this case, as the bill of exceptions shows there
was a conflict in the testimony relative to whether he was
negligent in that respect or not. The judgment of the trial
court will be affirmed, and it is so ordered.        AFFIRMED.

## ON MOTION FOR REHEARING.

*Messrs. Dolph, Mallory, Simon & Gearin* presented a brief
for the motion.

*Messrs. Bernstein & Cohen* presented a brief *contra.*

MR. JUSTICE WOLVERTON delivered the opinion.

It was not our purpose by the main opinion handed down herein, as it seems to be suggested by the petition for rehearing, to hold to the doctrine "that, where the interests and actions of an infant are involved, a trial judge can in no case declare as a matter of law that there has been contributory negligence." We said, it will be observed, "there are cases, properly decided, too, where the courts have said as a matter of law that the minor, considered as yet immature, was guilty of such contributory carelessness and negligence that he ought not to recover," and in support thereof we cited several authorities. In line with this view are some of the cases cited by counsel in their petition for rehearing. Notably is the case of *Rudd's Adm'r* v. *R. & D. R. Co.* 80 Va. 546, where a boy of twelve, sent by his parents to mind the cows in a field along a railway, went to sleep on the track, and was run over and killed by a freight train, and it was held that, notwithstanding his immature years, he was guilty of such contributory negligence that his administrator could not recover. Another is *Masser* v. *Chicago R. I. & P. R. Co.* 68 Iowa, 602 (27 N. W. 776), where a boy between eleven and twelve years was killed while crossing the tracks of a railroad. The court said in that case: "A boy eleven years of age knows as well as an adult does what a railroad is, and the use to which it is put, and the consequence to a person who should be struck by a passing train, and knows that he should not stop to play or lounge amid a network of tracks. It is true that a boy of that age cannot be presumed to have the judgment of an adult; but it does not require much judgment to keep from walking in a dangerous place, the dangers of which are fully understood. If the question was as to whether the deceased was guilty

of contributory negligence in the mere act of stepping backward upon the defendant's track when the Fort Dodge train passed, the case would be different. The deceased evidently lost his presence of mind somewhat, and he might not have been guilty of negligence in what he did then, even though he did not govern himself with the prudence which might reasonably have been expected of an adult. But his negligence consisted in going, in the outset, and in remaining, where he incurred the danger of losing his presence of mind." Of like import are the cases of *Twist* v. *Winona & St. Peter R. Co.* 39 Minn. 164 (39 N. W. 402, 12 Am. St. Rep. 626), and *Merryman* v. *Chicago R. I. & P. R. Co.* 85 Iowa, 634 (52 N. W. 545), both of which arose from accidents about turntables, and in all these cases the injured parties were trespassers. In the Twist Case the court say: "The law very humanely does not require the same degree of care on the part of a child as of a person of mature years, but he is responsible for the exercise of such care and vigilance as may reasonably be expected of one of his age and capacity, and the want of that degree of care is negligence." Yet, in spite of the fact that the child injured was less than ten and a half years of age, the court held it to have been guilty of contributory negligence as a matter of law. In the case at bar neither the lower court nor this court was asked to say as a matter of law whether the minor was guilty of contributory negligence. There was no motion for a nonsuit or an instructed verdict, nor was all the evidence brought here in the bill of exceptions so that we could determine that question if it had been urged.

We cannot say, of course, whether, had the question been before us, the result would or would not have been different, in view of the authorities cited both here and in the main opinion. The single question presented, however, was whether the court erred in instructing that the

jury should take into consideration the age of the minor, and determine whether he used the care and prudence which an ordinarily prudent boy of his age would be expected to exercise. It was urged that the instruction should not have been given because the boy was fully acquainted with the business in which he was engaged, and knew the danger of crossing the tracks of the defendant's railway as well as if he were an adult, took like precautions in crossing in the present instance as an adult would have taken or was required to take, and offered proofs of the exercise of that kind of care. It should be noted that, with the exception of the last one, the reasons advanced as a basis for the objection are deductions drawn from the evidence, which in some manner, at least, is susceptible of a different construction. The question, therefore, resolved itself into this, as stated in the main opinion, whether this boy, of the age of fifteen years, had arrived at man's estate in judgment, prudence, and foresight; for, if he had not, the instruction, although given unasked, was not inappropriate. The entire case turned upon whether he was guilty of contributory negligence in driving off the tracks after he had started to cross them, the defendant's theory being that he stopped, or practically so, by turning his horse's head and the fore wheels of the wagon parallel with the track. But as to this there was a dispute in the evidence, so far as disclosed by the record, and the question presented is not whether he was guilty of contributory negligence notwithstanding he was a minor, but whether he was an adult to all intents and purposes notwithstanding he was but fifteen years of age, so that it was error to instruct at all that the jury should take his age into consideration. If the case was to go to the jury at all, it was not improper for it to go as it did.

5. The New York cases cited, namely, *Reynolds* v. *New*

44 OR.——16

*York Cent. & H. R. R. Co.* 58 N. Y. 248, and *Tucker* v. *New York Cent. & H. R. R. Co.* 124 N. Y. 308 (26 N. E. 916, 21 Am. St. Rep. 670), seem to proceed upon a different doctrine as to the burden of proof in negligence cases from that adopted here. The plaintiff there is required to show affirmatively as a part of his case, before he can recover, that he is not guilty of contributory negligence. Mr. Justice PARKER states it clearly in the Tucker Case, saying : "The plaintiff, in order to recover for the damages sustained by the killing of his intestate, * * was burdened with the necessity of proving, first, that the defendant was guilty of negligence; and, second, that he was free from all fault contributing to that result." Not so here. Contributory negligence is a matter of defense, and the burden of maintaining it is cast upon the defendant: *Johnston* v. *Oregon S. L. Ry. Co.* 23 Or. 94 (31 Pac. 283); *Tucker* v. *Northern Term. Co.* 41 Or. 82 (68 Pac. 426, 27 Am. & Eng R. R. Cas. N. S. 66, 11 Am. Neg. Rep. 629).

6. The Tucker Case from New York cites the Nagle Case (*Nagle* v. *Allegheny Valley R. Co.* 88 Pa. 35, 32 Am. Rep. 413), and the *sui juris* doctrine is applied. To be understood, this requires development. Mr. Justice PAXSON in the Nagle Case says: "The law fixes no arbitrary period when the immunity of childhood ceases and the responsibilities of life begin"; and, referring to Sharswood's Blackstone (volume 1, p. 435; vol. 4, p. 20), continues: "We learn that fourteen is the age of discretion in males, and twelve in females; that at fourteen an infant may choose a guardian and contract a lawful marriage. His responsibility to the criminal law is equally well settled. Under seven years of age an infant cannot be found guilty of felony, for then a felonious discretion is almost an impossibility in nature; but at eight years old he may be guilty of felony. Dalt. Just. c. 147. Between the ages of seven and fourteen, though an infant shall be *prima facie* ad-

judged to be *doli incapax*, yet if it appear to the court and jury that he was *doli capax*, and could discern between good and evil, he may be convicted and suffer death. After fourteen an infant is responsible for his crimes to the same extent as an adult." From this statement of the law the eminent jurist makes the deduction that at the age of fourteen an infant is presumed to possess sufficient capacity and understanding to be sensible of danger, and to have the discretion and foresight to avoid it, and "this presumption," he says, "ought to stand until it is overthrown by clear proof of the absence of such discretion and intelligence as is usual with infants of fourteen years of age."

Mr. Justice PARKER thus reasons in the Tucker Case: "The Penal Code provides that, when an infant is charged with crime, upon the prosecution rests the burden of showing that the defendant has sufficient intelligence and maturity of judgment to render him capable of harboring a criminal intent until the age of twelve years, at which time the presumption of incapacity ceases. Now, while this statute does not undertake to prescribe, and does not necessarily affect, the rule to be applied in civil actions, it suggests, as asserted in the Nagle Case, an age to which the courts can with safety limit the presumption of incapacity on the part of an infant to appreciate the perils incident to crossing railroad tracks. This presumption may, in a proper case, be so far overborne by evidence as to present a question for the jury, and then the age of the injured party may doubtless be considered by the jury in connection with the facts indicating a lack of comprehension of a dangerous situation. But, in the absence of evidence tending to show that an injured infant twelve years old was not qualified to understand the danger and appreciate the necessity for observing that degree of caution in crossing a railroad track which an adult would, he must be deemed *sui juris*." If we mistake not the reasoning of

that case, it means this, that a child of twelve without evidence to show his incapacity to comprehend danger and to avoid it, will be deemed to be *sui juris*—that is, that he has such capacity—and, being *sui juris*, he is as capable and as well qualified to understand and appreciate the danger, and to observe and employ the same degree of caution in crossing a railroad track, as an adult. Thus, it casts the burden of proof upon the child to show that he does not possess the same degree of appreciation of danger and the same prudence and foresight, as it respects the crossing of a railroad track, as an adult, and logically carries with it the presumption that in such a case a child of twelve is to all intents and purposes a person of mature judgment, appreciation, and understanding.

The rule seems to be the legitimate result and eventual outgrowth of the rule obtaining in New York, that plaintiff has the burden of showing that he was not guilty of contributory negligence before he can recover. This is apparent from the case of *Stone* v. *Drydock, E. B. & B. Ry. Co.* 115 N. Y. 104, 110 (21 N. E. 712), where the court say: "We are inclined to the opinion that in an action for an injury to a child of tender years, based on negligence, who may or may not have been *sui juris* when the injury happened, and the fact is material as bearing upon the question of contributory negligence, the burden is upon the plaintiff to give some evidence that the party injured was not capable, as matter of fact, of exercising judgment and discretion. This rule would seem to be consistent with the principle now well settled in this State, that in an action for a personal injury, based on negligence, freedom from contributory negligence on the part of the party injured is an element of the cause of action."

Now, it may be true that a lad of twelve or fourteen has sufficient capacity and understanding to be sensible of danger, and to have the discretion and foresight to avoid

it, and yet, as compared with an adult of mature judgment, he may not be governed by the same degree of prudence and foresight as the adult, and therefore he could only be expected to exercise. that degree of care and circumspection that a lad of his years is wont to exercise. There is a time when a child is wholly incapacitated to exercise judgment. Then comes a time when he is to be deemed *sui juris*, as the New York and Pennsylvania courts term it, and is responsible for crime, and may be capacitated to contribute to his own injury, or, in other words, may be deemed guilty of contributory negligence, and yet not have the mature discretion and judgment of an adult. Later comes a time when he is held to all the duties and responsibilities of an adult or person of mature years. While yet he has not arrived at the period when his judgment is mature, and negligence is imputed to him, he ought not to be held to the full accountability of an adult, but only to the accountability of a person of his years of prudence and discretion; and in determining whether he is guilty of negligence as a matter of law this feature must be taken into account: that for a person of his years and discretion he has been guilty of such a departure from that degree of judgment that one of his years is wont to exercise as to make him absolutely responsible for the injury which he has brought upon himself.

7. Under our practice, where the defendant must show as a defense that the plaintiff has been guilty of contributory negligence, it must, contrary to the New York rule, be assumed until otherwise shown that the minor has exercised the care and circumspection to be expected of one of his years of discretion, and we cannot say as a matter of law that because he is *sui juris* he should have exercised the same degree of prudence and judgment as an adult. For these reasons we are impressed that the *sui juris* doctrine, as applied in New York and Pennsylvania, is inap-

plicable here, and it fortifies our former holding that the instruction complained of was not inappropriate under the evidence as disclosed by the record.

REHEARING DENIED.