Argued 31 July, decided 27 August, 1907.

## WESTMAN *v.* WIND RIVER LUMBER CO.

91 Pac. 478.

MASTER AND SERVANT—DUTY TO PROVIDE SAFE PLACE TO WORK.

1. Where it can be done at a reasonable expense, and without interfering with the conduct of the business, a master is under obligation to cover or protect dangerous machinery, under the general duty to provide a reasonably safe place for the employees to work.

SAME—ASSUMED RISK OF EMPLOYMENT.

2. Though a master is primarily bound to guard dangerous machinery in the exercise of ordinary care, the servant may dispense with the performance of such duty by consenting to work at a place which will expose him to danger, knowing and fully comprehending the risk incurred.

SAME—EVIDENCE IN REBUTTAL.

3. Where plaintiff, an oiler in defendant's mill, claimed to have been injured by the slipping of a plank in a platform constructed for his use, while it was defendant's theory that plaintiff was not performing his duties at the time he was injured, but was handling a loose conveyor belt, which had been removed from its pulley, and that it became entangled in the shaft while plaintiff was holding it, thereby causing the injury, plaintiff could prove in rebuttal that such conveyor belt was frayed at the edges, in order to warrant an inference that the belt was likely to get caught and wound around the shaft without human aid.

INJURY TO YOUTHFUL EMPLOYEE—DUTY OF WARNING.

4. It is the duty of an employer to warn a new employee who is to work around dangerous machinery of the dangers to be guarded against, unless they are obvious and appreciable to one of his age and experience.

Where plaintiff, a lad between 15 and 16 years old, had been employed as an oiler in defendant's sawmill shortly before his injury and was without experience in such work, defendant was bound to warn him of the danger incident to his employment and the risks attending it, unless such danger was open and apparent to one of plaintiff's age, experience and capacity, in the exercise of ordinary care and prudence.

SAME—ASSUMED RISK—QUESTION FOR JURY.

5. In an action for injuries to an inexperienced servant while performing his duty about dangerous machinery, the question whether the dangers of his employment were so open and obvious that he assumed the risk thereof was for the jury.

From Multnomah : ALFRED F. SEARS, JR., Judge.

Statement by MR. CHIEF JUSTICE BEAN.

This is a personal injury action by David Westman against the Wind River Lumber Co. Plaintiff was engaged as oiler in defendant's sawmill, was caught in the machinery and severely injured. At the time of the accident he was between 15 and 16 years of age. About a year prior to that time he had worked for defendant for a few months piling slabs and wheel-

ing sawdust, but had nothing to do with the machinery in the mill. He applied for re-employment two or three weeks before the accident, and wanted $2 a day, but the foreman told him that defendant was not paying "kids" more than $1.75 a day, and if he was satisfied with such wages he could go to work as oiler, and the engineer would show him where the oil can was. He had never worked as oiler in a mill before, and was given no instructions as to his duties or warned of the dangers incident thereto. He oiled the first afternoon and a short time the next morning, when he was ordered to pile slabs, and continued at that work until about a week before the accident, when he was again put to oiling. In the basement of the mill, and 4 or 5 feet from the ground, is a line shaft 2.16 inches in diameter, upon which were several pulleys, from which belts extended to the machinery on the floor above. One of these pulleys was 40 inches in diameter, and 19½ inches from it was a 4-inch belt running from the main shaft to a pulley near the floor above to operate a conveyor for the refuse from the lath saw. A few inches further along, and 3 or 4 feet above the shaft, was a conveyor box, and beyond that, and 38½ inches from the main pulley, was another pulley on the shaft. A short distance above the main shaft was a tightener frame, with a pulley 20 inches in diameter, used for tightening the belt leading from the main pulley to a bolter saw above. The distance from this tightener frame to the conveyor referred to was about 19 inches. A platform upon which the workman stood when oiling the machinery, and especially the tightener pulley, was 28½ inches in front of the main shaft and about 3 feet from the ground. As originally constructed this platform was made of two planks, each 2 inches in diameter, 12 inches wide, and 12 feet long, supported by brackets extending from near-by posts; but the evidence tended to show that at the time of the accident there was but one plank in use and it was unfastened. The oil cup on the tightener pulley was 12 or 14 inches in front of, and about 5 feet 6 inches above, the platform, and almost, if not quite, directly over the main pul-

ley.  On the morning of the accident the foreman told plaintiff that the tightener pulley shaft was a new one, and for him to watch and screw down the oil cup whenever it got hot.

Plaintiff testified that, to reach the oil cup, he had to stand on his tiptoes on the board referred to, support himself by holding with one hand to the tightener frame, which was moving back and forward over a space of 5 or 6 inches, thrust his head and shoulders between the tightener frame and the conveyor, and then reach around an 8-inch projecting timber with the other hand to the oil cup.  About 10 o'clock that morning, while the mill was in operation, he had occasion to tighten the oil cup; but for some reason it worked hard, and, while he was standing on the platform, as above stated, exerting himself to screw it down, the platform slipped, precipitating him forward into the belts and pulleys, severely injuring him.  He brings this action, by his guardian *ad litem,* to recover damages for the injury so received, alleging that defendant was negligent in not furnishing him a safe place in which to work, in not protecting, guarding or fencing the machinery about which he was to work, in not instructing him how to perform his duties with safety, and in not warning him of the dangers incident to his employment.  Defendant denied the negligence charged, and as a defense pleaded assumption of risk and contributory negligence.  Plaintiff had verdict and judgment, and defendant appeals.                                            AFFIRMED.

For appellant there was a brief over the names of *William David Fenton* and *R. A. Leiter,* with an oral argument by *Mr. Fenton.*

For respondent there was a brief over the name of *Long & Sweek,* with an oral argument by *Mr. Joel Minor Long.*

Opinion by MR. CHIEF JUSTICE BEAN.

1. The first assignment of error is based on the admission of testimony tending to show that defendant could have guarded or protected the machinery about which plaintiff was working at the time of the accident at slight expense and without inter-

fering with the reasonable and efficient operation of its business, thereby lessening the danger to him by coming in contact with such machinery. The contention of defendant is that, unless required by law, it is not the duty of a master to cover, fence or guard dangerous machinery or dangerous premises, where its servants are required to work, but that its full duty is discharged if it warns the servant of the attending danger, or the risk is so open and obvious that the servant must take notice thereof. Several cases, among which are *Rock* v. *Indian Orchard Mills,* 142 Mass. 522 (8 N. E. 401), and *Gilbert* v. *Guild,* 144 Mass. 601 (12 N. E. 368), are cited in support of this contention; but, if they are authority for the broad doctrine that it is not the duty of the master in any case to fence or guard dangerous machinery, we must decline to follow them. It is a part of the implied contract between master and servant that the master will furnish the servant with a reasonably safe place in which to perform his work and reasonably safe tools, appliances and machinery to work with, and a failure in this regard is negligence. If by due care and reasonable expense dangerous machinery can be covered or fenced, without interference with the conduct of the business, so as to lessen the risk to employees, it is the duty of the master to do so: Thompson, Negligence, § 4017 *et seq.,* where the question is fully discussed and authorities cited.

2. While such is the primary duty of the master, a servant may, however, dispense with its performance. If he agrees and consents to work at a place which will expose him to danger, knowing and fully comprehending such danger and the risk he incurs thereby, he cannot complain, if he is injured, that the place might have been made safer by the fencing or guarding of the machinery. But this is on the theory that he knowingly and voluntarily assumed the increased risk, and not because it was not the duty of the master to protect the machinery in the first instance. If, as said by Mr. Justice LORD, in *Roth* v. *North Pac. Lum. Co.* 18 Or. 211 (22 Pac. 844), "the service required to be performed is dangerous, or

rendered so by reason of the master's failure to provide a place where the servant may do his work with safety, but which, by the exercise of due care and reasonable expense on the part of the master, might have been made safe, his omission would be a breach of duty, and render him liable for any injury arising therefrom, unless the servant has knowledge of, and comprehends the nature or extent of, the risks to which he is exposed at the place provided, and thereby dispenses with the performance of this duty on the part of the master, or unless the master, when the servant is ignorant or inexperienced, points out, or gives him full notice of, the risks attending such service at the place to be performed, and thereby enables him to appreciate such risks and to avoid them." There was no error in admitting the testimony complained of.

3. It is also claimed that the court erred in admitting the testimony of Jonas Westerman, in rebuttal, that the conveyor belt, which ran from the main shaft to a pulley near the ceiling, was old and frayed at the edges. This belt was found, after the accident, wound around the main shaft where the plaintiff was injured. It seems to have been the theory of defendant that plaintiff was not in the performance of his duties at the time of his injury, but was in some way handling or playing with the conveyor belt, which a short time before had been removed from the pulley by the foreman of the mill and was not then in use, and that it had become entangled in the main shaft while he was holding it, thereby causing his injury. It was to combat this theory that plaintiff was permitted to show that the belt was of such a character that it was likely to get caught and wound around the shaft without human aid.

4. Defendant requested the court to charge the jury that it was not bound to warn plaintiff of the danger of coming in contact with the belts or machinery about which he was required to work. The complaint alleged, and the evidence tended to show, that plaintiff was not only a minor, between 15 and 16 years of age, but inexperienced in the work at which he

was employed. It was defendant's duty, therefore, to point out or give him notice of the danger incident to his employment and the risks attending the same (4 Thompson, Negligence, § 4091; 20 Am. & Eng. Enc. Law, 2 ed., 97), unless they were so open and apparent that one of his age, experience and capacity, in the exercise of ordinary care and prudence, should know and appreciate them to the same extent as an adult, and that was a question for the jury: *Avery* v. *Meek* (Ky.), 45 S. W. 355.

5. And, finally, it is contended that the court erred in overruling defendant's motion for a nonsuit and in refusing to direct a verdict on the theory that the dangers attending plaintiff's employment were open and obvious, and he was bound as a matter of law to know and appreciate them. But, as we have said, plaintiff was not only a minor, but an inexperienced workman, and therefore it was a question for the jury whether the dangers were open and obvious to a person of his age and experience: *Bowers* v. *Star Logging Co.* 41 Or. 301 (68 Pac. 516); *Dubiver* v. *City Ry. Co.* 44 Or. 227 (74 Pac. 915, 75 Pac. 693); *McDonald* v. *O'Reilly,* 45 Or. 589 (78 Pac. 753); *Mundhenke* v. *Oregon City Mfg. Co.* 47 Or. 127 (81 Pac. 977: 1 L. R. A. (N. S.) 278); *Foley* v. *California Horseshoe Co.* 115 Cal. 184 (47 Pac. 42: 56 Am. St. Rep. 87); *Jenson* v. *Will & F. Co.* 150 Cal. 398 (89 Pac. 113).

Finding no error in the record, judgment is affirmed.

AFFFIRMED.