## Warren S. Crippen v. Edward Hope.

*Settlement: Performance: Delivery to third person mutually agreed upon: Wrongful acts of mutual agent.* Where two parties have mutually arranged that one should deliver certain notes and ship certain property, paying the freight, to a third person, who should deliver the same to the other and take his receipt in full of all demands against the first, and afterwards deliver such receipt to him on his giving a like receipt back for the other party, the party who has delivered over the notes, shipped the property and paid the freight in full compliance with the agreement on his part, cannot be held responsible because the third person mutually agreed upon afterwards of his own motion refused to turn the same over except upon compliance with a further demand which the agreement did not authorize him to make.

*Mutual agents: Unauthorized acts of agent: Mutual responsibility.* Both parties are equally responsible for the unauthorized acts of a third person whom they have mutually chosen to act between them, and where one of them has done all that by the agreement he was to do, he is not to be held liable to the other for the failure of their mutual agent to do his part.

*Heard April 13. Decided April 18.*

Error to Kalamazoo Circuit.

This is an action of assumpsit brought by Hope against Crippen for damages for failure to deliver over certain notes alleged to have been received by Crippen from one Griffis to be delivered to Hope, in pursuance of an agreement between the parties. On the trial there was evidence given tending to prove a settlement embracing the only notes which in the end entered into the verdict and judgment, and a compliance by defendant with the terms of such settlement. The plaintiff recovered judgment, and the defendant brought error.

*Balch & Howard, N. A. Earle* and *M. J. Smiley,* for plaintiff in error.

*May, Buck & Powers,* for defendant in error.

MARSTON, J:

Counsel for plaintiff in error concedes in his brief and

argument that the verdict and judgment was rendered for the amount due upon the Newton and Pierce notes. This being so it is only necessary to examine the alleged errors relating to that part of the case.

There was evidence tending to show that the parties had agreed to settle; that by the terms of this agreement these notes were to be placed by Crippen in the hands of Charles Scott; that Mr. Crippen was to ship a certain buggy and harness to Mr. Hope and pay the freight thereon, that Mr. Hope was to deliver to Scott a receipt in full for all demands against Crippen, which Scott was to receive and on receipt thereof deliver these notes to Mr. Hope, that this receipt from Hope to Crippen, Scott was to retain until Crippen should deliver to him a like receipt in full for Hope, when he, Scott, was to deliver to each party the receipt in full from the other. There was also evidence tending to show that Crippen had delivered these notes to Scott and had shipped the buggy and harness, paying the freight thereon, and that they were afterwards received by Hope; that Scott retained the notes for some time but Hope did not call for them, nor offer to give a receipt in full for Crippen; that Scott left these notes with one Kenyon for a short time as he was going away; that on his return Kenyon returned him the notes, and that he, Scott, still retained them. It also appeared that while Kenyon held the notes Hope offered to him the proper receipt as agreed upon, but that Kenyon refused to receive it or deliver up the notes unless Hope gave him a receipt in full between Hope and Crippen and Hope and one Griffis.

It did not appear that Crippen had any thing to do with this extra demand of Kenyon or that he had any knowledge of the demand so made.

At the request of plaintiff's counsel the court charged the jury that in case they found an agreement to settle as stated, "and that Scott or Kenyon, in whose hands the notes were, refused to deliver said notes to plaintiff, except upon his executing a receipt in full of all his own or

CRIPPEN *v.* HOPE.

Griffis' claims, then such settlement would not bind the plaintiff."

We think the court erred in so charging the jury. The parties had mutually agreed that the notes should be placed in a third party's hands to whom certain receipts should be delivered and upon the delivery of which the notes should be surrendered to the plaintiff, and that defendant should ship certain property to the plaintiff, paying freight thereon. The defendant upon shipping the property, paying the freight thereon and delivering the notes to Scott, had fully performed on his part. It but remained for the plaintiff to deliver the proper receipt and receive the notes. If when he attempted to comply with the agreement on his part the party holding the notes made a demand which he was not authorized by the agreement or by Crippen to make, for this the defendant could not be held responsible. The plaintiff is equally responsible with the defendant for the acts of such third person, as he was mutually chosen by them.

If the jury found that the defendant performed the agreement on his part, by shipping the property, paying freight thereon, and delivering the notes to Scott, he could not be held liable for what took place thereafter.

Under this view we do not consider it necessary to consider the remaining sixty errors assigned.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.