WARREN S. CRIPPEN v. EDWARD HOPE.

*Requests to charge—Settlements.*

Counsel should submit their requests to charge in time to allow them to be examined by the judge, but if the charge as made omits anything essential, the judge should allow proper requests to be submitted at any time before the jury retires.

A party who seeks to avoid a settlement on the ground of fraud, must return or offer to return whatever he has received under it; if he does not do so on discovering the fraud, he ratifies the settlement.

Error to Kalamazoo. Submitted January 17. Decided February 1.

ASSUMPSIT. Defendant brings error.

*Balch & Howard* for plaintiff in error.

*May, Buck & Powers* for defendant in error.

MARSTON, J. The facts in this case are very much the same as when the case was here before. See *Crippen v. Hope*, 34 Mich., 55.

On the trial below in the present case the plaintiff (defendant in error) sought to avoid the force and effect

of the settlement upon which the case was before decided, by evidence tending to prove that such settlement was procured by the defendant through fraud and misrepresentation.

Counsel for defendant, to meet this theory of the case, requested the court to charge the jury that "if the plaintiff sought to avoid the settlement on the ground of fraud, he could only do so by returning or offering to return what property he had obtained by virtue of the agreed settlement, and if he, after the discovery of any fraud, did not offer to return the property obtained as aforesaid to defendant, he thereby ratified the settlement and cannot recover."

There was evidence tending to show that the defendant had performed his part of the agreed terms of settlement, as stated in the previous decision.    It also appeared in this case that, according to the terms of settlement, defendant was to give his note for $10 to the plaintiff, and that this was done at the time the settlement was made, and there was no evidence tending to show that this note, or any part of the property delivered by defendant to plaintiff had ever been returned by the latter, or any offer made by him to return the same.

This request, which was refused, it will be seen from what has been said, clearly should have been given, unless the reasons given by the court for refusing the same are deemed sufficient.

This request was handed to the court at the close of the charge, and for this reason the court refused to give it, it being the practice in that court to present the requests to charge at an earlier stage of the case.

While the practice referred to may be, and undoubtedly is an excellent one, yet it must be apparent to any one that the charge of the court may itself develop the necessity of counsel's calling the attention of the court to some point that has been overlooked and asking a direct charge thereon.    Counsel need not in the first instance make any requests, or they may request the

38 MICH.—44.

court to charge upon some particular part of the case. In either event they are justified in assuming that the court will fully in the charge cover all the essential parts of the case, and if after the charge has been given they see that some essential has been overlooked, no practice or rule of that court adopted for mere convenience, will deprive them of their right to present a request covering the omission. It might indeed be said that the duties of counsel and court in this respect were reciprocal; that of counsel in good faith to present such requests as he desired the court to give the jury, in time to enable the court to examine them before commencing his charge to the jury, and of the court to permit counsel at any time before the jury had retired, at least to hand in any farther requests which he might consider essential to a proper protection of the rights and interests of his client.

That the request refused in this case was a vital one under the evidence there could be no doubt; indeed the entire case might turn upon the giving or refusal of this request. And an examination of the charge as given fails to show that it covered this point.

Upon cross-examination a question was asked Winter Griffs whether he was present at a settlement made between the parties to this suit. This was objected to as not proper on cross-examination. A question was also raised as to the right to introduce impeaching testimony showing the reputation of the witness sought to be impeached some five years previous to the time of the trial, and at a place where he no longer resided and had not for some years. We do not discover anything in these rulings or in the other errors complained of, prejudicial to the rights and interests of the defendants, nor are they likely to arise again in the same form on a new trial.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.