## Diver *v.* Singer Manufacturing Company, Appellant.

*Negligence—Master and servant—Oiling floor.*

In an action by an employee against her employer to recover damages for personal injuries, it appeared that plaintiff slipped and fell on a floor in her employer's store. The room in which she was working was a large room, lighted by three skylights, and was used by the clerks and as a show-room. It was near the middle of the building, and there was a clear passageway through it ten feet wide, extending from the front to the rear room. The floor was of Virginia pine, and was dressed with a preparation of oil commonly used on floors of the same kind. It had been cleaned and the dressing applied on Saturday afternoon after the store was closed, and had been rubbed carefully so that the floor would dry. When the store was opened on Monday morning, it was examined and found to be hard and dry. There was nothing unusual about the floor or the manner in which it was cared for. The dressing was of a kind in common use, and was applied in the usual way. The floor had been dressed in the same manner a month before, and had been used by the plaintiff and others without accident. The passageway in which the plaintiff fell was unobstructed and thoroughly lighted, and there appears to have been only the usual danger in the use of oiled or polished floors. *Held,* that the plaintiff was not entitled to recover.

Argued Jan. 6, 1903. Appeal, No. 137, Jan. T., 1902, by defendant, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1900, No. 331, on verdict for plaintiff in case of Annie W. Diver *v.* Singer Manufacturing Company. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before McMICHAEL, J.

The facts are stated in the opinion of the Supreme Court.

The court refused binding instructions for defendant.

Verdict for plaintiff for $3,000, reduced by remittitur to $2,000, on which judgment was entered.

*Error assigned* was in refusing binding instructions for defendant.

*A. T. Freedley,* with him *Arthur B. Eaton,* for appellant, cited: McCarthy v. Shoneman Bros., 198 Pa. 568; Ford v. Anderson, 139 Pa. 261; Wannamaker v. Burke, 111 Pa. 423.

*Maxwell Stevenson,* for appellee.

OPINION BY MR. JUSTICE FELL, March 23, 1903:

The plaintiff slipped and fell on a floor in her employer's store. The room in which she was working was a large room, lighted by three skylights, and was used by the clerks and as a showroom. It was near the middle of the building, and there was a clear passageway through it ten feet wide, extending from the front to the rear room. The floor was of Virginia pine, and was dressed with a preparation of oil commonly used on floors of the same kind. It had been cleaned and the dressing applied on Saturday afternoon after the store was closed, and had been rubbed carefully so that the floor would dry. When the store was opened on Monday morning, it was examined and found to be hard and dry. There was nothing unusual about the floor or the manner in which it was cared for. The dressing was of a kind in common use, and was applied in the usual way. The floor had been dressed in the same manner a month before, and had been used by the plaintiff and others without accident. The passageway in which the plaintiff fell was unobstructed and thoroughly lighted, and there appears to have been only the usual danger in the use of oiled or polished floors.

To entitle the plaintiff to recover, it was necessary that she should show some specific act of negligence on the part of the defendant, or the existence of conditions so obviously dangerous as to amount to evidence from which an inference of negligence would arise: Stearns v. Ontario Spinning Co., 184 Pa. 519; East End Oil Co. v. Penna. Torpedo Co., 190 Pa 350; Specs v. Boggs, 198 Pa. 112. The plaintiff had worked in the

room a half hour before she fell. She testified: "As I crossed the room, I turned to one of the ladies and said, 'I am in such a hurry. I have so much work to do, and I am feeling so well; and just as I crossed the room, my feet slipped from under me." This was the only testimony as to the way in which the accident happened, and it appeared from the testimony of her witnesses that it was obvious to any one that the floor had been newly dressed.

It was not negligence to have an oiled floor in the room. The ordinary usage of the business was followed, both as to the character of the floor and the manner in which it was cared for. This was the test of negligence: Titus v. Bradford, etc., R. R. Co., 136 Pa. 618. The argumentive statement by the plaintiff that when she fell her dress was spoiled by the oil she fell in, does not sustain the allegation that the floor had been carelessly or negligently dressed. She did not say that there was loose oil on the floor, and no witness suggested this, and all the testimony was to the contrary. Some of the dressing may have remained on the surface of the floor, and been transferred to her dress by the force of her fall. Even if the employee who oiled the floor applied too much dressing or failed to rub it thoroughly, his neglect would not make the defendant responsible for injuries sustained by another employee, who had the fullest opportunity to observe the condition of the floor.

The judgment is reversed, and judgment is now entered for the defendant.