SIMONS v. HABERKORN.

TRIAL—INSTRUCTIONS—NECESSITY—SUFFICIENCY.

In an action on a building contract, after the evidence was in, court and counsel engaged in a colloquy as to allowing the written specifications to go to the jury, in which defendant stated that he wished them instructed that the writings did not constitute all the contract, to which the court replied, "Certainly this writing is not the complete contract; the jury will so understand it." Defendant also stated that he would ask the court to charge as to the implied provision that work done under the contract "must be done in good workmanlike manner," and the court answered, "The jury will so understand it." On the following day the jury were sent out without instructions, defendant's requests having been refused. *Held*, that there was no compliance with sections 10243–10246, 3 Comp. Laws, making the jury judge of the facts, and requiring the court to instruct them as to the law of the case.

Error to Wayne; Donovan, J. Submitted January 10, 1905. (Docket No. 31.) Decided February 27, 1905.

Assumpsit by George M. Simons, by next friend, against James H. A. Haberkorn for work and labor done. There was judgment for plaintiff, and defendant brings error. Reversed.

*Edward A. Barnes* and *U. Grant Race*, for appellant.

*Charles C. Simons*, for appellee.

MOORE, C. J. Plaintiff, a minor, and one Decker were in business in Detroit under the name of the Peninsular Wire Works. They made a contract with the defendant for the construction, for $130, of a wire screen around a two-story porch on a residence in Detroit, the screen to be made of large panels of wire mesh in channel iron frames overlaid with wire cloth, to be of materials specified in a written proposition. They proceeded with the work. Defendant and the supervising architect were dissatisfied with it, claiming the workmanship was faulty, and was ineffective to keep out mosquitoes and other insects, and that the doors did not work properly. Decker terminated his connection with the business, and plaintiff, with one assistant, undertook to make the work right, and claims he did so. Defendant claimed he failed to do so. Plaintiff demanded payment, which was refused, and suit was brought.

Whether the work was properly done is the controverted question of fact in the case, about which the testimony was very conflicting.

After the testimony was all in, the following occurred:

"It was agreed that the argument to the jury should be limited to fifteen minutes on each side. The court then inquired of the jury how many of their number had sat on juries before, and ascertained that there were several who had upon one or more prior occasions acted as jurors.

"*The Court:* The charge will be one word. I will charge you the first thing on Monday at two o'clock.

(Thereupon counsel for plaintiff and for defendant made their arguments to the jury.)

" *The Court:* Mr. Simons, do you wish these written specifications to go to the jury ?

" *Mr. Simons:* Yes, sir.

" *The Court:* Mr. Barnes, have you any objections ?

" *Mr. Barnes:* I have no objections provided the jury have proper instructions regarding them.   I shall want them instructed that these specifications do not constitute all the contract.

" *Mr. Simons:* The plaintiff does not claim that they constitute the whole of the contract; only that they are a part of it.

" *The Court:* Certainly this writing is not the complete contract; the jury will so understand it.

" *Mr. Barnes:* I shall also ask the court to charge with respect to certain implied provisions of every contract; that the work must be done in good workmanlike manner.

"*The Court:* There jury will so understand it."

Whereupon the court adjourned to Monday, October 12th, on which day, before the charge of the court, counsel for defendant presented to the court certain requests to charge.   Thereupon the court charged the jury as follows:

" Gentlemen of the jury, I decline to give the requests to charge.   Go.

" *Mr. Simons:* Does your honor direct that the specifications be given to the jury ?

" *The Court:* Yes, they are there.

" *Mr. Barnes:* My requests are refused ?

" *The Court:* Yes, I told you the other day, and we agreed upon the charge we are now giving.

" *Mr. Barnes:* I was not a party of any such agreement.

"*The Court:* The record will show what was said on Saturday.

" *Mr. Barnes:* Note an exception to the refusal of the court to give the defendant's first and second requests to charge."

Sections 10243 to 10246, 3 Comp. Laws, declare and establish the practice in charging or instructing juries. The provisions clearly recognize that it is the function of the jury to pass upon questions of fact.   They with equal

clearness recognize the duty of the trial judge to instruct the jury as to the law of the case. See the many cases cited in the note to section 10243, and especially *Crippen v. Hope*, 38 Mich. 344; *Roby Lumber Co.* v. *Gray*, 73 Mich. 356; *Hyde* v. *Shank*, 77 Mich. 517. We do not think it can be said that the colloquy which occurred between counsel and the judge, to which the jury might or might not have paid any attention, was in any proper sense, as contemplated by the statute, an instruction to the jury as to the law which should govern them in passing upon the facts.

Because of the failure to instruct the jury as to the law, the case is reversed, and a new trial ordered.

CARPENTER, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.