WALTERS *v.* DETROIT UNITED RAILWAY.

1. DAMAGES—PERSONAL INJURIES—VERDICT—NEW TRIAL.
   Five hundred dollars for a broken arm and expense of care and medical attention was not an inadequate amount so as to require a new trial, in an action by a woman 62 years of age, whose injuries and the extent of the other alleged results from being dragged by the car that she was attempting to board were in dispute, the jury finding against plaintiff's claim that paralysis of one side and deafness of her left ear were due to the fall.

2. SAME—TRIAL—ERROR—CHARGE.
   Failing to request the trial court to charge the jury on the subject of damages, plaintiff was not entitled to reversal of the judgment because the court covered the subject in a brief and general statement that she was to receive damages for past, present and future sufferings.

Error to Wayne; Hally, J. Submitted November 11, 1914. (Docket No. 171.) Decided December 19, 1914.

Case by Mary Walters against the Detroit United Railway for personal injuries. Judgment for plaintiff for less than her claim. Plaintiff brings error. Affirmed.

*Clarence P. Milligan,* for appellant.

*Corliss, Leete & Moody* and *A. B. Hall,* for appellee.

STONE, J. This is an action on the case to recover damages for personal injuries claimed to have been sustained by the plaintiff while a passenger on defendant's Myrtle line car, by reason of the car starting while she was in the act of alighting from the rear step. The accident occurred on July 11, 1912, about 8 p. m., at Woodward avenue and Congress street,

in the city of Detroit. The plaintiff was 62 years of age at the time, and was a widow. The trial resulted in a verdict and judgment for the plaintiff in the sum of $500 damages. The plaintiff made a motion for a new trial, on the ground that the verdict was inadequate in amount under the testimony, and was against the great weight of the evidence. The motion having been denied, the plaintiff has brought the case here upon writ of error, and by appropriate assignments of error the same question is presented, and it is urged that the court erred in not granting a new trial, for the reasons above stated. It is also claimed that the court erred in its charge to the jury, in not specifying for what damages the plaintiff would be entitled to recover.

A careful reading of the evidence discloses that the main issue at the trial was the extent of the plaintiff's injuries resulting from the fall. She testified that she was thrown with great violence from the car, and, after being dragged the length of the car, fell on her left side, breaking her left arm at the elbow joint, and that she has suffered paralysis of the left side, so that she cannot walk without dragging her left foot; that her left eye is nearly blind, and the hearing of her left ear is greatly diminished; all of which she claims to have been the result of the injury complained of, and that she was in perfect physical condition before said injury. There was medical and other testimony tending to support plaintiff's claim. It also appeared that she employed a physician. The length of time the physician treated her appears in the evidence, but the value of his services was not shown by any testimony. It also appeared that while she was being treated by the physician she was at the house of a friend, whose charges for nursing and room were $75.

On the part of the defendant there was evidence tending to show that the plaintiff was a large, heavy

woman, decrepit, and not active in her movements, and that she had been assisted both in getting on and off the car; and there was medical testimony on the part of the defendant describing plaintiff's condition as due solely to arterial sclerosis. It also appeared that the plaintiff had a blood pressure of 225, which in a woman of her age, it was claimed, was exceedingly high.

The testimony of the plaintiff's physician as to the injury of the arm was to the effect that no fracture was discovered at the time, but that it had developed that there was some fracture of the elbow joint which had impaired the use of that joint. He testified:

"I think, if she does not attempt to move it beyond its range of easy motion, there should not be very much pain."

The trial court, in denying the motion for a new trial, among other things, said:

"The defendant's contention is that the plaintiff's ailments are of long standing, that she is a prematurely old woman, that the hardening of the arteries now evident is of slow growth, and could not develop in so short a time from the injuries received. Her previous walk, the way in which she had been helped on the car, were facts presented by the defendant to the jury for its consideration, and in support of the contention advanced by the defendant and its medical expert, that it was not responsible for the serious condition of the plaintiff.

"In his talk to the jury, defendant's, counsel admitted the negligence of the company, but insisted that plaintiff's condition was not one which could be traced to the defendant. This question at issue, and almost the only one, was fairly presented to the jury, and its verdict would indicate that it reached the conclusion that defendant's contention was correct. The theories of plaintiff and defendant were presented as fairly and as fully as counsel desired, and no good reason has been given for undoing the work now done. The motion for a new trial is denied."

In the light of the testimony and of the issue presented, we are not able to say that the verdict was inadequate, or that it was against the overwhelming weight of the evidence. The issue seems to have been fairly and fully presented to the jury, and we cannot say that there was any error in denying the motion for a new trial.

In referring to the charge of the court, it should be stated that the plaintiff's counsel presented no requests to charge upon the subject of damages. Upon that subject the court charged the jury as follows:

"On the question of damages you are to find out by the same preponderance of evidence what injuries have been established as being the result of this particular accident, if you charge the accident to the responsibility of the Detroit United Railway. If you do not, why then, of course, you need not go into the question of damages. Now, in that respect, you are to give the plaintiff compensation—if you come to that question—for all of the injuries that she has suffered, for all of the injuries that she is suffering now, and for all that she will suffer in the future, that grow out of injuries received at that particular time. She is entitled to damages for past and present and future suffering, if you find that she is entitled to damages, and if you find that those injuries are the result of this particular accident.  *  *  *  So that the principal question you have for your disposition is: What were the injuries that resulted from this accident? When you find that, if you find that the injuries came as a result of this accident, you are to allow her damages as has been indicated here."

Counsel complains of this charge, and cites the following cases: *Barton* v. *Gray,* 57 Mich. 622 (24 N. W. 638) ; *Wright* v. *Railway Co.,* 77 Mich. 123 (43 N. W. 765) ; *Jageriskey* v. *Railway,* 163 Mich. 631-634 (128 N. W. 726).

In *Barton* v. *Gray, supra,* at page 631 of 57 Mich. (24 N. W. 641), Justice CHAMPLIN, in speaking for this court, said:

"It does not appear from the record that any requests were presented on behalf of the defendant for specific instructions to the jury. Undoubtedly it is the duty of the court to present to the jury the substantial issues in the cause, and to state to them the principles of law governing the rights of the parties, whether any specific instructions are requested by counsel or not. This duty was performed by the trial judge in this case. His instructions covered all branches of inquiry under the issues made by the pleadings; and if counsel desired more full or specific instructions upon any particular point, it was his duty to frame a special request to the court to charge as desired. Omitting or neglecting to do so, he will be deemed to be satisfied with the sufficiency of the instructions as given, and an exception based upon the want of sufficiency on particular points of law cannot be assigned as error."

And judgment of the lower court was there affirmed.

An examination of *Jageriskey* v. *Railway, supra,* will show that there were requests to charge on the part of the plaintiff which were not given by the trial court, nor was their substance given. It was under such circumstances that this court said:

"It was the duty of the trial court to instruct the jury as to the law applicable to the case.    *    *    * In this instance the court not only failed to cover the question of damages in his general charge, but refused to give the unobjectionable request of counsel on that subject. We think the refusal of the trial court to give the request was error."

As appears from the court's charge in the instant case, the substantial issues in the cause were presented to the jury by the trial court in appropriate language. The verdict was undoubtedly intended to cover the injury to the arm and the expense of the nursing, and we cannot say that it was not adequate. The jury must have found that the other condition of the plaintiff was in no way related to the accident.

In our opinion, no good reason appears why the verdict and judgment of the court below should be disturbed.

The judgment is therefore affirmed.

McALVAY, C. J., and BROOKE, KUHN, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.