## MacDonald et ux. v. F. & W. Grand, Inc.

*Negligence—Duty of retail store not to expose customers to hazard—Oiling floor during business hours.*

Evidence that plaintiff, a woman, entered a basement salesroom of a busy retail store, kept by defendant, shortly before noon to make purchases and slipped on oil which had been spread on the floor a few minutes before the accident, sustaining the injuries for which suit was brought, is sufficient to go to the jury on the question of whether the floor was freshly oiled at a time when customers were being invited into the basement without being given warning or otherwise put on notice of the unusually slippery and dangerous condition of the premises, and a verdict for plaintiff will be sustained.

Motion for judgment *n. o. v.* C. P. No. 2, Phila. Co., March T., 1925, No. 5822.

*John J. McDevitt, Jr.,* for plaintiffs; *A. S. Longbottom,* for defendant.

LEWIS, J., Jan. 19, 1926.—This case is before us on a motion by defendant for judgment notwithstanding the verdict, based upon the contention that the evidence disclosed no negligence on defendant's part. On Feb. 18, 1925, at approximately 12 o'clock noon, Mary A. MacDonald, aged fifty-three years, entered a retail store conducted by defendant on Market Street, Philadelphia, as a prospective buyer of commodities that defendant was there offering for sale. Being directed to go to the basement salesroom for the articles which she desired, she walked down the stairway and had gone three or four feet after reaching the basement floor, when she fell. She said that her feet slipped out in front of her and that she fell on her left side, sustaining injuries, and that the cause of her fall was oil on the floor. This conclusion she arrived at from an examination which she made of the floor after she got up. She did not observe the condition of the floor before she fell, there being other persons around her and she being intent upon her mission in the store.

In some detail, the evidence to show negligence was as follows:

1. The accident occurred in the basement of a busy retail establishment just before noon on a business day.

2. The plaintiff saw a quantity of oil on the floor after she fell and at the point where she fell. "After I got up I saw that it (the floor) was full of oil. . . . When I got up I wondered what I fell on and I did look down and I saw the oil where they had gone and oiled the floor at twenty minutes to 12 o'clock in the daytime."

3. She "smelled it" and "saw it was O-Cedar Oil."

4. The oil was so thickly spread on the floor that the plaintiff's "coat had oil on it;" "my coat and skirt had oil on them;" her dress was torn and her "coat was dirty from the oil" and she could not again use it.

5. At the time the plaintiff fell, defendant's colored porter was oiling a portion of the floor so close to where she fell that plaintiff could see him so doing while she was lying on the floor and after she had gotten up.

In reply to a question as to how far away from her the oiling was then being done, the plaintiff testified: "Well, he was coming up the floor," and she apparently had reference to the floor in another aisle of the basement.

In our judgment, this was sufficient evidence to take the case to the jury on the question whether the floor was freshly oiled at a time when customers were being invited into the basement without being given warning or otherwise put on notice of an unusual, slippery and dangerous condition of the premises. If believed, the conclusion of negligence was warranted.

MacDonald et ux. *v.* F. & W. Grand, Inc.

While it has been held by our highest court (Diver *v.* Singer Manuf. Co., 205 Pa. 170) that merely to oil the floor of a store is not negligence, yet it does not follow that this ruling is to be extended to a case where the oiling is done in business hours and no warning is given to patrons using the newly-oiled floor. While having the right to maintain oiled floors in establishments frequented by the public on invitation, the proprietors thereof are, nevertheless, charged with the duty to use ordinary care in the choice of the time and in the manner of oiling, as well as in the selection of the materials used. Moreover, a situation may well exist in which a merchant may be within his rights in respect of the time, materials and manner of the oiling and yet be chargeable with fault for maintaining a flooring rendered dangerous by peculiar atmospheric conditions affecting the drying of oil or by other things of which he has notice. He may thereby be required to give warning to patrons or to use other precautions to prevent injury resulting to those whom he invites to travel over the oiled surfaces.

The verdict was not against the law or the evidence and cannot be said to be against the weight of the evidence. However, the defendant is not asking a new trial, but for judgment on the evidence, and this we refuse for the reasons hereinabove set forth and in accordance with Bloomer *v.* Snellenburg, 221 Pa. 25.

The motion for judgment *n. o. v.* is dismissed.