## William B. MacDonald et ux *v.* F. & W. Grand, Inc., Appellant.

*Negligence—Storekeeper—Floor newly oiled—Evidence—Case for jury.*

In an action of trespass for personal injuries it appeared that the plaintiff, while shopping in the store of the defendant, slipped on the floor, which had been recently oiled. The plaintiff testified that the floor was full of oil at the place where she fell and that her coat was so soiled with oil that it could not be used. There also was evidence that at the time plaintiff fell a porter was oiling the floor in a nearby aisle. Under such circumstances the case was for the jury, and a verdict for the plaintiff will be sustained.

Argued October 8, 1926. Appeal No. 58, October T., 1926, from judgment of C. P. No. 2, Philadelphia County, March T., 1925, No. 5822, in the case of William B. MacDonald and Mary A. MacDonald, his wife, v. F. and W. Grand, Inc. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Trespass for personal injuries. Before LEWIS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiffs in the sums of $600 for the wife, and $400 for the husband, and judgments thereon. Defendant appealed.

*Errors assigned* were the refusal of defendants

motion for judgment non obstante veredicto, and the order of the court.

*John J. McDevitt, Jr.,* and with him *Nochem S. Winnet,* for appellant.—There was no evidence of negligence: Markman v. Bell Stores Co., 285 Pa. 378; Chapman v. Clothier, 274 Pa. 394; Spickernagle v. Woolworth, 236 Pa. 496; Bloomer v. Snellenburg, 221 Pa. 25.

*A. S. Longbottom,* of *Byron, Longbottom, Pape & O'Brien,* for appellees.

OPINION BY CUNNINGHAM, J., March 3, 1927:

About noon on Monday, February 16, 1925, Mary A. MacDonald, one of the plaintiffs and appellee in this appeal, entered the store of the defendant on Market Street, Philadelphia, as a customer and was directed to the basement for the purchase of the article she sought. After descending the stairway to the basement and taking several steps along the floor she fell and was injured. An action was brought, in which her husband joined, to recover damages upon the ground that defendant had failed to exercise reasonable care for the safety of its customers in that the floor of the basement of its store had been so recently oiled and in such a manner that it was in a dangerous condition for the use of customers and that Mrs. MacDonald's fall had been caused by the presence of a considerable quantity of fresh oil thereon. The learned trial judge refused defendant's point for binding instructions and submitted the case to the jury. A verdict awarding damages in the sum of $600 to the wife and $400 to the husband having been returned, defendant moved for judgment non obstante, which motion was overruled and this appeal was taken from the judgment entered on the verdict in favor of the wife.

The only errors assigned are the rulings on said point and motion. The test therefore is whether binding instructions for the defendant would have been proper at the close of the testimony: Strawbridge, App., v. Hawthorne, 47 Pa. Superior Ct., 647, 649. In determining this question the testimony is to be read in the light most advantageous to the plaintiffs and they are to be given the benefit of every fact and inference of fact pertinent to the issue which the jury could legitimately draw. The facts with respect to when the oil had been applied and the condition of the floor at the time of the accident were in dispute. Mrs. MacDonald testified that while she was lying on the floor she saw a colored man oiling and brushing the floor in a nearby aisle; that when she got up she saw "that it [the floor] was full of oil"; that her dress was torn and that her coat was so "dirty from oil" that she had never been able to wear it; and that the floor had been oiled with a preparation which smelled like O-Cedar oil. On the other hand defendant's evidence was to the effect that the floor had been oiled in the ordinary and usual manner about seven o'clock on the preceding Saturday night and that its condition at the time of the accident did not differ in any way from the usual condition of an oiled or polished floor. One of the defendant's witnesses, a saleslady employed at a nearby counter, testified, however, that she walked over to Mrs. MacDonald when she was assisted to her feet "to see whether it was on account of the oil that she fell, or whether she tripped." It was also testified that the colored porter, referred to in the testimony for plaintiffs as being engaged in applying oil to the floor, was merely "dusting or picking papers up." So far as is disclosed by the record this porter was not called as a witness, nor was any reason given for not calling him. The legal principles applicable to the issues arising in this case are well defined and

have been recently stated by our Supreme Court and by this court. The same degree of care is not required of customers invited to enter a store and walk along its aisles where goods are displayed as is required of pedestrians walking upon a public highway (Bloomer v. Snellenburg, App., 221 Pa. 25); but it is not negligence per se to have an oiled floor in a store "nor to apply an oil dressing to a floor if done in a proper manner and so as not to leave it in any different condition than is usual with oiled or polished floors": DiMarco, App., v. Cupp Grocery Co., 88 Pa. Superior Ct., 449, citing Diver v. Singer Mfg. Co., 205 Pa., 170, 172, and other pertinent authorities. In the case just cited Judge KELLER, speaking for this court, pointed out that "There was no testimony that the floor oil was applied improperly, spread too thickly, or lay in pools; there was no direct evidence that it was the oil which caused plaintiff to slip and fall. No one testified to the slippery condition of the floor at the time and place where he fell; the plaintiff did not even say that he saw or felt any oil on the floor at that place. There was no evidence as to any oil being found on plaintiff's clothes when he was helped up or taken home, from which it might be inferred that any loose oil remained on the floor after the dressing had been applied. In short the case is barren of all testimony except that the floor had been oiled by defendant's employees just previous to closing at the end of the week and that plaintiff slipped and fell and was injured." The case of Diver v. Singer Mfg. Co., supra, cited and relied upon by counsel for defendant, is also plainly distinguishable from the present case. There was in that case no dispute about the fact that the floor had been oiled on the Saturday preceding the Monday morning upon which the accident happened and it is expressly stated that when the store was opened that morning the floor was "examined and found to be hard and

dry'' so that there was nothing unusual about the floor or the manner in which the dressing had been applied. Moreover, this was an action by an employe against her employer and our Supreme Court held that ''even if the employee who oiled the floor applied too much dressing or failed to rub it thoroughly, his neglect would not make the defendant responsible for injuries sustained by another employee, who had the fullest opportunity to observe the condition of the floor.'' In Spickernagle, App., v. Woolworth, 236 Pa. 496, also cited by defendant, the ''plaintiff failed to show how long before the accident the floor had been oiled; that the substance used thereon was unusual or improper; that it was oiled in an improper manner, or that it was in any other or different condition than would result from proper oiling.'' From what we have said about the testimony in the present case it is apparent —regarding it as we must in the light most favorable to the plaintiffs and resolving the conflicts therein in their favor—that there was evidence from which a jury could legitimately conclude that defendant had failed to exercise reasonable care for the safety of its customers with respect to the time and manner in which the floor had been oiled and that the damages suffered by plaintiffs were due to this negligence. A majority of the members of this court are of opinion that binding instructions for defendant would not have been proper.

The assignments of error are dismissed and the judgment is affirmed.