## DAIGLE *v.* BERKOWITZ.

1. APPEAL AND ERROR—JURY—VOIR DIRE EXAMINATION—LANDLORD AND TENANT.

   Statements of counsel for landlord on *voir dire* examination in action against him for injuries sustained by tenant which brought before jurors the fact that plaintiff was a sister of a prominent industrialist *held*, not prejudicial under the circumstances.

2. SAME—VOIR DIRE EXAMINATION—ATTORNEY AND CLIENT.

   Although tenant had right to know which jurors, if any, were owners of property they rented to others, in action against her landlord for injuries she received when she fell on waxed linoleum of apartment building corridor, failure of trial court to elicit that fact upon *voir dire* examination *held*, not error, where record does not show her counsel made request therefor.

3. TRIAL—ARGUMENT OF COUNSEL—PREJUDICIAL ERROR.

   In action by tenant against landlord for injuries sustained as result of slipping and falling on waxed linoleum of apartment building corridor, argument of defendant's counsel to jury that verdict for plaintiff would mean that it was dangerous to own a building and that cleaning and polishing floors was not different from washing them *held*, not prejudicial in view of trial court's instructions that case was to be decided on its merits.

4. SAME—INSTRUCTIONS.

   A jury has a right to receive proper instructions upon the law of the case.

5. SAME—PERMITTING JUROR TO ASK QUESTION—DISCRETION OF COURT.

   Refusal of trial court to permit a juror to ask a question while jury was being given instructions *held*, not error in view of discretion of the court in such matter.

6. SAME — INSTRUCTIONS — LANDLORD AND TENANT — MASTER AND SERVANT.

    In action by tenant against landlord of apartment building where his liability for acts of woman he had hired as housekeeper was dependent on her performance of her duties, proper instructions as to his responsibility for her negligence should have been given whether requested or not.

7. LANDLORD AND TENANT—MASTER AND SERVANT—WAXED LINOLEUM—INSTRUCTIONS—NEGLIGENCE.

    In tenant's action against landlord for injuries received when she fell on partially waxed linoleum in apartment building corridor, instruction that it was duty of defendant or his caretaker, after or while using wax, to use care ordinarily prudent person would use to maintain floor in reasonably safe condition for persons rightfully using same but that landlord was not an insurer of his tenant's safety *held*, to render claim that court omitted to instruct jury that landlord was responsible for negligence of caretaker without merit.

8. TRIAL—AMBIGUOUS INSTRUCTION—CURING ERROR. ·

    In tenant's action for injuries sustained when she fell on partially waxed linoleum on floor of defendant's apartment building corridor, possibly ambiguous instruction in permitting jury to determine whether defendant owed plaintiff any duty at all *held*, cured by other instructions defining his duty as landlord of such a building.

9. SAME—CHARGE CONSIDERED AS A WHOLE.

    Objection to instruction which improperly delegated question to jury of whether landlord owed any duty to his tenants in repect to safety of floors in apartment building corridor *held*, without merit where charge was full and complete and, on the whole, fairly and correctly submitted the issues to the jury.

10. LANDLORD AND TENANT—COMMON HALLWAYS—DUTY TO KEEP SAFE.

    A landlord who leases separate portions of the same building to different tenants and reserves control of such parts as are used in common by all tenants, is under implied obligation to use reasonable diligence to keep in a safe condition the parts over which he reserves control.

11. TRIAL—CHARGE CONSTRUED AS A WHOLE—LANDLORD AND TENANT.

    In tenant's action for injuries sustained in corridor of defendant's apartment building, jury *held*, properly instructed by

charge as a whole when construed as requiring defendant to use care that an ordinarily prudent person would use under like circumstances to maintain the premises in a reasonably safe condition.

12. LANDLORD AND TENANT—LIQUID WAX ON LINOLEUM IN APARTMENT BUILDING CORRIDOR—NEGLIGENCE.

Leaving liquid wax to dry on linoleum floor in main corridor of apartment building in early afternoon without any warning to tenants *held*, not to be negligence *per se* on part of landlord rendering him liable for injuries sustained by tenant who slipped and fell.

13. EVIDENCE—JUDICIAL NOTICE—FLOORS.

It is a matter of common knowledge that many business places have oiled maple floors.

14. LANDLORD AND TENANT—WAXED FLOORS OF APARTMENT BUILDING CORRIDORS—NEGLIGENCE—QUESTION FOR JURY.

In tenant's action against landlord for injuries sustained when she fell on partially waxed linoleum floor in apartment building corridor, whether housekeeper's act in applying liquid wax early in afternoon and leaving it to dry constituted negligence *held*, properly left to jury and its verdict for defendant thereon not against weight of the evidence.

Appeal from Wayne; Moll (Lester S.), J. Submitted June 7, 1935. (Docket No. 56, Calendar No. 38,312.) Decided October 11, 1935. Rehearing denied December 10, 1935.

Case by Jennie M. Daigle against Philip Berkowitz for personal injuries caused by alleged negligent waxing of linoleum in corridor of defendant's apartment building. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Monaghan, Crowley, Reilley & Kellogg (Crawford S. Reilley* and *Edward T. Kelley,* of counsel), for plaintiff.

*Mason, Alexander, McCaslin & Cholette (E. Dean Alexander,* of counsel), for defendant.

Edward M. Sharpe, J.   The facts in this case are not in dispute.   The defendant is the owner of a two-story building in Detroit, the first floor being occupied by stores and the second story by apartments. The defendant had hired a Mrs. Bevan as caretaker of the apartment.   She and her husband occupied a three-room apartment, one room of which was rented to plaintiff for the sum of $3 per week with the privilege of getting her own meals in their kitchen.

There were several other apartments on the same floor of the building which were reached by a stairway that led down to the street entrance.   The hallway adjacent to the apartment in which plaintiff lived was well lighted and was used by the occupants of other apartments.   Mrs. Bevan, the caretaker, cleaned the halls every day and scrubbed and waxed them at intervals.   On the day of the accident, Mrs. Bevan left the apartment some time after noon for the purpose of cleaning and waxing the halls and had started to apply the wax in the hallway adjacent to the room occupied by plaintiff, who at that time apparently was asleep in her apartment.

At the time of the accident, plaintiff was a woman about 53 years of age and apparently in good health. Between three and four o'clock in the afternoon she started to get the mail which was downstairs and after taking three or four steps in the corridor slipped and fell.   She was carried into the apartment, given medical treatment, and later taken to Providence Hospital where she remained in bed nearly eight months.   Her injuries consisted of a fracture of the thigh bone near the hip joint and resulted in a shortening of the bone of her leg amounting to almost an inch.   She now uses a cane while walking and cannot stand more than 30 min-

utes at a time. Her hospital and doctor bills amounted to a little more than $2,600.

Plaintiff began suit March 12, 1933. The case was tried June 12, 1934, before a jury and resulted in a verdict of no cause of action. Later, plaintiff filed a motion for a new trial which was denied and from which plaintiff appeals alleging some 23 errors.

Plaintiff claims that counsel for the defendant on the *voir dire* examination of the jury improperly brought before them the fact that plaintiff was the sister of Thomas Daigle who had some connection with the Daigle Iron Works. Under the circumstances of this case, we do not think defendant counsel's statements were prejudicial.

Plaintiff alleges that it was error to refuse the request of counsel to question the jurors as to their ownership of real estate and whether any of them owned improved real estate which they rented to others. The testimony in connection with this matter was as follows:

"*Mr. Kelley:* Would you ask the jury if any of them own real estate?

"*The Court:* I hope the answer is 'No.' How many of you own real estate?

"(Several jurors raised their hands.)

"*Mr. Kelley:* Improved real estate?

"*The Court:* That is fine. Twenty-five per cent. Any further questions that you want me to put to the jury?

"*Mr. Kelley:* Would you ask the nature, of the jury, whether it is their home?

"*The Court:* No. 'Improved real estate.' "

An examination of this phase of the record shows that plaintiff's counsel did not at any time request the trial court to ascertain of the jurors whether

they owned what might be termed income property. We think that plaintiff's counsel in this case had a right to know which of the jurors, if any, were landlords, but the record does not show that plaintiff's counsel made such a request. We find, therefore, no error in the manner in which the trial court conducted and directed the examination of the jury.

Plaintiff next contends that defendant's counsel was guilty of improper and prejudicial argument in stating to the jury that a verdict for the plaintiff would simply mean that it is dangerous to own a building. When objection was made to this argument, the trial court instructed the jury in substance that the case was to be determined on its merits. Further on in the argument, counsel for the defendant said, "I ask you housekeepers. Is this any different than washing floors—cleaning and polishing?" Counsel for plaintiff claims that this remark was improper and cites *McDonald* v. *Champion Iron & Steel Co.,* 140 Mich. 401; *Hughes* v. *City of Detroit,* 161 Mich. 283 (137 Am. St. Rep. 504); and *Mortensen* v. *Bradshaw,* 188 Mich. 436, in support of his argument. These cases involve arguments that appeal to the passions and prejudices of jurors which may outweigh their judgment and be reflected in their verdict. In our opinon the statements made herein by counsel in the heat of the argument, while possibly not in good taste, cannot be said to be prejudicial, having in mind the instructions of the trial judge when objection was made thereto.

We also find that, during the time the trial court was giving the jury their instructions, a juror was refused permission to ask a question. Juries have a right to receive proper instructions upon the law of the case. We do not know what question the juror had in mind that he was denied information

upon, but we think the trial court was not in error in refusing to answer a question while instructing the jury. This is a matter that rests largely in the sound discretion of the court.

Plaintiff next contends that the court erred in omitting to instruct the jury regarding the responsibility of the defendant for negligence, if any, of his servant, Mrs. Bevan. Under the circumstances in this case, the liability of the defendant for the acts of Mrs. Bevan while in the performance of her duties as housekeeper of the apartment was a material issue in the case and proper instructions should have been given by the court whether requested or not. *Crippen* v. *Hope,* 38 Mich. 344; *Barton* v. *Gray,* 57 Mich. 622; *Jageriskey* v. *Railway,* 163 Mich. 631; *Pierson* v. *Smith,* 211 Mich. 292. This claim is not well taken for we find that the court gave the following instruction upon this point:

"I instruct you, ladies and gentlemen, that the defendant had a right to use wax on the floor of the hallway. The defendant was not an insurer of plaintiff's safety while using the floor, but it was the duty of the defendant, or his caretaker after or while waxing it to use ordinary care, that is, that degree of care usually exercised by an ordinarily prudent person engaged in the same line of work, to maintain the floor in a reasonably safe condition for the use of persons who might use the hallway, having a right so to do."

This charge could have been more specific, but we fail to see where the jury could have been misled as to the liability of the defendant for the acts of his agent and servant, Mrs. Bevan.

Plaintiff further contends that the following instruction was ambiguous and misleading because it

left the jury to determine whether there was *any* duty imposed upon the defendant in the instant case.

"And there you have the issue squarely before you for your determination as a question of fact. Was the defendant negligent by reason of some act of commission or omission? Did the defendant violate a duty to the plaintiff which the law imposes on him; or was it an accident concerning which you have heard all the testimony, merely an unfortunate happening that the defendant is in any way responsible for; or that the plaintiff brought on herself?"

It would have been clearer and more logical if the court had defined defendant's duty before presenting the issues upon which the jury was to pass judgment. However, any ambiguity that may have existed was cleared up in the following instructions:

"Now, then, how do you judge negligence? How do you judge contributory negligence? * * * Then so far as this case is concerned, the standard is of the ordinary reasonably prudent man under like circumstances. What would the ordinarily reasonably prudent man do as the owner of an apartment house? * * * And there you have the only test that I can give you; and that test is based on your good judgment and your experience and your common sense of how the ordinarily prudent person would act under like circumstances; whether he is in the position of the defendant or the agent or the servant, or the employee of the defendant; or whether he is in the position of the plaintiff. * * *

"I instruct you, ladies and gentlemen, that the defendant has a right to use wax on the floor of the hallway. The defendant was not an insurer of plaintiff's safety while using the floor, but it was the duty of the defendant, or his caretaker after or while waxing it to use ordinary care, that is, that

degree of care usually exercised by an ordinarily prudent person engaged in the same line of work, to maintain the floor in a reasonably safe condition for the use of persons who might use the hallway, having a right so to do.   *   *   *

"And I give it to you as a rule of law that the duty of the owner of this building to his invitees or licensees is to use reasonable care to keep the corridors in the building in a reasonably safe condition with respect to those who exercise ordinary care in the use of the corridors. Now, there is your test."

The court also gave the following instruction, which plaintiff claims was erroneous and conflicting:

"This is a matter of mutual and reciprocal rights and duties. Was there a duty owed to the defendant by the plaintiff—to the plaintiff by the defendant I should say? Was there a violation of that duty? Was such violation the proximate cause of the plaintiff's injury? Was the plaintiff free from contributory negligence; was she injured; did any damage result to her? Now, there is the legal theory around your case. If you find that the plaintiff has substantiated her cause of action by competent evidence on those four propositions, then the plaintiff is entitled to recover."

The plaintiff is correct in her contention that this instruction improperly delegated the "duty problem" to the jury. However, in *Bentley* v. *Shifflet, Cumber & Co.*, 238 Mich. 5, objections to certain instructions were without merit where the charge was full and complete and, on the whole, fairly and correctly submitted the issues to the jury.

See, also, *Karahlanian* v. *Hadshian*, 238 Mich. 447; *Holmes* v. *Borowski*, 233 Mich. 407.

The general rule regarding the standard of care owing by a landlord may be found in *Cooper* v. *Law-*

*son,* 139 Mich. 628 (18 Am. Neg. Rep. 138), where we approved the following rule:

"When the landlord leases separate portions of the same building to different tenants, and reserves control of those parts of the building or premises used in common by all the tenants, he is under an implied obligation to use reasonable diligence to keep in a safe condition the parts over which he reserves control."

See, also, *Smith* v. *Morrow,* 230 Ill. App. 382; *Hahner* v. *Bender,* 101 N. J. Law, 102 (127 Atl. 202).

When we construe the charge as a whole we find that the court instructed the jury that there was a duty owing to the plaintiff by the defendant and that duty was, to use reasonable care, or the care that an ordinarily prudent person would use under like circumstances, to maintain the premises in a reasonably safe condition.

Plaintiff next contends that the verdict was against the weight of the evidence. We have examined the testimony carefully and to say that the verdict was against the weight of the evidence we must hold that leaving liquid wax to dry on the linoleum floor in a main corridor of an apartment building without any warning to the occupants of the building creates such a dangerous situation as to be negligence *per se.* This we cannot do. We said in *Narregang* v. *Great Atlantic & Pacific Tea Co.,* 224 Mich. 178, "it is a matter of common knowledge that many business places have oiled maple floors."

See, also, *Diver* v. *Singer Manfg. Co.,* 205 Pa. 170 (54 Atl. 718).

In this case we find that when Mrs. Bevan waxed the floor, plaintiff apparently was asleep in her apartment, moreover the waxing was done at a time

of day when there would be the least traffic in the building. We do not find any evidence or allegation that the waxing was improperly done. We think the issue presented a question of fact to be determined by a jury and we cannot say that the jury abused its function.

Other objections were raised by counsel for plaintiff and have been considered by us. In our opinion a detailed review of these questions would not change the result of this opinion.

Judgment affirmed. Defendant may have costs.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.